## LORENZO FAIRBANKS *v.* ELIZA S. CORLIES.

Where a plaintiff voluntarily brings his suit before the justice of a district wherein neither the plaintiff nor the defendant resides, and goes to trial upon the merits and recovers a judgment against the defendant, though for less than the plaintiff demands, it in no wise appearing on the trial that the parties do not reside within such district; the plaintiff cannot, by appealing from such judgment, require the appellate court to reverse the judgment, upon the ground that the justice had no jurisdiction by reason of such non-residence.

A judgment so obtained is not, as to the plaintiff, procured contrary to the meaning and intent of the statute requiring suits in the district or justices' courts, to be brought in the district wherein one of the parties resides; and if otherwise, the plaintiff is so far precluded by his own voluntary acts, that he cannot have a reversal on appeal. (*a*)

Where nothing appears on the trial nor in any of the proceedings before the justice, showing that the parties do not reside within his district, and both appear and go to trial upon the merits, without objection; it is not his duty to volunteer any inquiry into their residence. (*b*)

As a general rule, it is only a party who is aggrieved by a judgment, who can reverse it.

The principles governing the review of the judgments of the district or justices' courts, are not necessarily changed by the provisions of the Code altering the mode in which such review is to be made.

Where the plaintiff has obtained judgment in a district court, but being dissatisfied with the amount thereof, appeals to this court, and it appears that the judgment was erroneous and invalid, for the want of jurisdiction in the district court; whether, the defendant having paid the judgment, the limitation upon the prosecution of writs of error in favor of the party recovering the judgment (2 R. S. marg. p. 592, § 3), would furnish a principle for the guidance of the appellate court, and whether § 369 of the Code contemplates restitution in such a case?  *Quere.*

A judgment may be void, and yet the prevailing party stand in such a position in respect thereto, that it cannot be reversed on his appeal.

The recovery in a district court must be limited to the service declared upon in the complaint and set forth in a bill of particulars, where such bill is furnished.

---

(*a*) See 2 Rev. Laws of 1813, § ciii. p. 379.   The act of April 13, 1857, "To reduce the several acts relating to the district courts in the city of New York into one act," retains the provision of the act of 1813, requiring actions in these courts to be instituted in the district wherein at least one of the parties resides.   Some exceptions to meet special circumstances are allowed, but they are not material to the questions determined in the above case.   See § 4 of the act first above mentioned.   (Session Laws of 1857, vol. 1, chap. 344,, p. 708.)—REP.

(*b*) See *Snyder* v. *Goodrich*, 2 E. D. Smith, 84.

Fairbanks *v.* Corlies.

The refusal, by the justice of a district court, after the trial of a cause is commenced and witnesses examined, to suspend the trial to enable the plaintiff's witness to leave the court to institute a search for papers mentioned in a subpœna *duces tecum* served upon such witness by the plaintiff shortly before the witness was sworn, is no ground for a reversal of the judgment.

Whether the justice has authority, after the examination of witnesses has commenced, to suspend the trial, without the consent of both parties, except for the single cause that there is not time to conclude it on the day ?  *Dub.*

An objection to testimony is too late, when made for the first time on appeal.

If the return is defective, in omiting to note objections taken at the trial, the appellant, by motion, should cause it to be corrected and its omissions supplied.

THIS action was commenced by a summons, issued out of the Second District Court, at the instance of the plaintiff, and which was duly served upon the defendant.  On the return thereof, the parties appeared in that court, and the pleadings were put in.  The trial proceeded, and was concluded without objection from either party to either the process or the jurisdiction.  It did not appear, in the court below, where either the plaintiff or the defendant resided, and no inquiry nor suggestion was there made upon the subject.

The complaint was "for amount due the plaintiff for searching title to premises in Walker street, in the city of New York, assessments, etc., $55."  A bill of particulars was furnished by the plaintiff, containing a specific charge for "searching title," and a detailed statement of disbursements, with two additional items only, one for "other disbursements," and the other, "extra services and trouble."  The answer simply "denied the claim of the plaintiff."

Upon a cross examination by the plaintiff, one of the defendant's witnesses testified that a subpœna *duces tecum* was handed to him by the plaintiff in court, when he, the witness, was taking the stand, and that he was therein required to produce papers alleged to constitute an abstract of the title for the investigation of which the plaintiff claimed.  The plaintiff thereupon requested the production of the papers in question.  The witness declared his inability to comply, in view of the time when the subpœna was served; and the plaintiff then applied to the justice to suspend the trial, in order that the

witness might be required to produce the abstract. The application was denied.

It is unnecessary to add to the statement of the evidence upon the merits, which is given in the opinion of this court. The conclusion of the court below was, that the plaintiff was entitled to some trifling disbursements only, and the justice awarded judgment in his favor for three dollars debt, and three dollars and twelve cents costs.

Being dissatisfied with the amount of the recovery, the plaintiff appealed to this court. The notice of appeal averred errors in the admission and rejection of testimony. The return contained no statement of objections to such admissions, and no indication that evidence had been ruled out. It was urged that the judgment was against the weight of the evidence as a whole, and in specified particulars. The plaintiff claimed, among other things, that certain papers were proved to have been drawn by him for the defendant, for which no compensation had been allowed. The refusal of the justice to suspend the trial for the object above mentioned, formed another ground of appeal. And, finally, the appellant insisted that " the justice had no jurisdiction of the cause, and erred, through want of knowledge of the fact, in not dismissing it without a hearing, or before rendering judgment."

In support of the last proposition, an affidavit was annexed to the appellant's points, stating that, for upwards of three months before the trial, he was, and had continued, a resident of the eighth ward of this city, and that, at the time the suit was commenced and the judgment rendered, the defendant resided in the fifteenth ward thereof. The wards embraced in the second judicial district were the fourth, sixth, and fourteenth.

*Lorenzo Fairbanks,* plaintiff and appellant, in person.

*John E. Develin,* for the defendant (respondent).

By the Court. Woodruff, J.—The various grounds of appeal

which relate to the admission or rejection of evidence, do not appear by the return to have any foundation in the proceedings had on the trial. If any objectionable testimony was received, it was received without objection, and it is too late to make such objection for the first time on appeal. If the return is imperfect in this respect, the appellant should have caused it to be corrected and the omissions supplied. As to the evidence said to have been rejected, I find nothing in the return showing any such rejection.

As to the claim of the appellant that the justice should have suspended the trial to enable the plaintiff to compel one of his witnesses to obey a subpœna *duces tecum,* which was served after the trial commenced, it is at least doubtful whether the justice had any authority after the examination of witnesses had commenced, to suspend the trial without the consent of both parties, except for the single cause, that there was not time to conclude it on the day. But if he had authority, it was a matter of discretion with which we could not interfere, unless possibly in a case of gross injustice. And, finally, it was owing to the plaintiff's laches that his subpœna was not sooner served, and the justice was quite right in refusing the application. (*a*)

Upon the merits, there is no sufficient reason for a reversal. The appellant insists that the finding of the justice is against the weight of the evidence. The claim of the plaintiff was for amount due to him for searching the title to certain real estate. The evidence was conflicting in regard to the defendant's agreement. Being examined by the plaintiff in his own behalf, the defendant testified in substance that she employed the plaintiff to search the title and procure a loan for her, upon his agreeing that he would do so for $25, and disbursements not exceeding $5, and that so far from performing this agreement on his part, he only placed her in communication with another party, to

(*a*) See *Pollock* v. *Ehle,* 2 E. D. Smith, 541. In that case it was held that it is the duty of a justice to deny an application for an adjournment, to enable the defendant to procure further testimony, when made after the plaintiff's evidence is closed. Such application, it was said, should be made before the commencement of the trial.—REP.

whom she was required, in order to procure the money, to pay $89 for searching the title and for the disbursements connected therewith, besides a further payment of commissions to a broker through whom the loan was procured.

Although her payment of a large amount to another was not in itself alone a reason for not performing her agreement with the plaintiff, if he, on his part, performed his agreement, yet the evidence in this respect warranted a finding that the plaintiff did not perform what he undertook to do.

It appeared, however, that the defendant did afterwards consent to pay $65 in addition to the $25 first stipulated, but it also appeared that this was not sufficient to effect the object. On the contrary, before she could obtain the money, she was required to pay, and did pay, over $100. The evidence, I think, warranted the justice in holding that the plaintiff, in the first instance, undertook that she should have the money at an expense of not exceeding $30. And that the subsequent modification did not vary the agreement further than to extend the amount to $90 ; and even this modification, the defendant testified, was wrung from her by duress of her papers.

In this view we cannot say that a finding that the plaintiff did not perform his contract was against evidence. Indeed, it is left in doubt by the evidence, whether in fact the plaintiff ever did make any search of the title. He certainly did not make one which was effectual for the purpose contemplated by both of the parties. By allowing to him the sums paid out for the certificates procured and furnished by him, the justice has done all that, consistently with his finding in other respects, he could do.

As to the plaintiff's claim for drawing papers, it must suffice to say that the plaintiff did not declare for any such service.

The remaining inquiry is, whether the plaintiff can require a reversal of the judgment rendered in his own favor (though for a sum less than that to which he conceives himself entitled), upon the ground that the plaintiff and defendant both resided without the judicial district, and that the justice had therefore no jurisdiction.

It is provided by section 103 of the act relating (among other subjects) to these courts, 2 Rev. Laws of 1813, that every action to be commenced before any of the assistant justices (now justices), shall be commenced either in the ward in which the plaintiff has resided for at least one month, or in the ward in which the defendant resides; (*a*) and every such justice is directed and required to dismiss every action brought before him contrary to the provisions of this section, with costs of suit to be paid by the plaintiff in the same manner as if he were nonsuited on the merits; and every judgment that may be obtained or procured contrary to the true intent and meaning of this section, shall be utterly void.

Under this provision of the act, the present case presents this question :

Can a plaintiff who has voluntarily selected his tribunal, and submitted his cause to adjudication, and obtained a judgment in his own favor, appeal therefrom and require a reversal on the ground that his suit was brought by himself out of the ward and district in which the parties resided ?

In the first place, nothing appeared on the trial or in any of the proceedings before the justice, showing that the parties did not reside within his district, and as both appeared and went to trial upon the merits without objection, it was not the duty of the justice to volunteer any inquiry into the residence of the parties.

Secondly. It is provided by section 89 of the same act, " that when any parties shall agree to enter an action before any assistant justice, without any process, such assistant justice shall proceed to trial in the same manner as if a summons or warrant had issued." It would be doing no great violence to the statute if we should hold that a plaintiff, by voluntarily proceeding before the justice, did in legal effect submit by his own voluntary agreement to the jurisdiction, so that, as to such plaintiff, the judgment was not obtained " contrary to the true intent and meaning " of the section above referred to.

(*a*) And see section 4 of the act of April 13, 1857, Laws of 1857, chap. 344, p. 708.—Rep.

Thirdly. The section referred to manifestly contemplates a compulsory proceeding, and was inserted for the protection of the party proceeded against, and it is not unreasonable to say that so far as the plaintiff is affected by the judgment procured by himself, it is not according to " the true intent and meaning of the section," that he should, after judgment, allege his own wrong in avoidance thereof.

Fourthly. It may be plausibly urged that upon a reading of the whole section together, the legislature only intended that when it appeared on the trial that the action was brought in a district in which neither party resided, it should be the duty of the justice to dismiss the action, and that if he did not do so, the judgment he pronounced should be void. The legislature did certainly intend (as they have distinctly expressed), that when the action failed for this cause, it should be with costs of suit to be paid by the plaintiff, and not that judgment being pronounced in his favor, he should avoid it, and leave the defendant to pay costs incurred in the defence. Nor, in my judgment, did they intend that after judgment in the plaintiff's favor, he might collect the amount and then treat the judgment as void. Where no such defect of jurisdiction appears on the trial, it is by no means clear that the plaintiff should be permitted to set up matter not appearing on the record, and arising wholly of his own wrong, and allege it as error. A plaintiff would not be permitted to assign for error in a judgment in his own favor, that the defendant was an infant appearing by attorney instead of guardian. In such case, it is true, the parallel is not exact, but the analogy is not remote.

Fifthly. I apprehend the general rule cannot be controverted, that it is only the party who is aggrieved by a judgment who can reverse it. The former statute, relating to certiorari to justices' courts, authorized either party thinking himself aggrieved to bring the writ, but it did not follow therefrom, that the appellate court must reverse, if they found he had sustained no wrong. And so it was held in *Hughes* v. *Stickney*, 13 Wend. 280. This judgment being in favor of the appellant,

and the proceedings being in other respects correct, the plaintiff is not aggrieved by it. The error, if any, in respect to jurisdiction, aggrieves the defendant if any one. He might reverse it if void. (*Striker* v. *Mott*, 6 Wend. 465.) By the Code, the mode in which such judgments may be reviewed is altered, but the principles by which such review shall be governed, in this respect, are not changed thereby.

It is stated by the counsel for the respondent, in his argument, that the judgment has been paid. This fact, if relied upon, should have been laid before the court in some authentic form. Had this been done, it would have presented a serious question, whether the limitation upon the prosecution of writs of error in favor of the party recovering the judgment should furnish a principle for our guidance. (2 R. S. 592, § 3.) And whether section 369 of the Code contemplates restitution in such a case.

Sixthly. It would be no hardship to the plaintiff, nor any violence to the law, to hold that when the plaintiff has thus voluntarily submitted himself to the jurisdiction of the justice, and had a trial upon the merits, he is precluded from proving non-residence as a ground of reversal, and that his acts should be taken as a conclusive admission by him that the residence of the parties was such as in this respect to entitle the justice to proceed to judgment.

Upon the various points in relation to this question, whether the plaintiff is bound by the judgment, I have not intended to express an opinion. It is not necessary that I should do so. Nor do I intend to dissent, at this time, from the decision of the Superior Court in *Cornell* v. *Smith*, 2 Sand. 290. It may be. that a defendant, though he appears, pleads, and goes to trial without objection, many yet seek a reversal, alleging that he is aggrieved by a judgment against him.

But I do intend to say, for many of the reasons above suggested, that we are not called upon to reverse this judgment, and it is, to my mind, sufficient that no error was committed on the trial by which the plaintiff has been aggrieved, and rendering the judgment in his favor was no grievance to him.

If the judgment is utterly void, as he claims it to be, and his acts do not preclude him from alleging and proving the matters which invalidate it, he is in no wise prejudiced by it. . It does not even stand in the way of another suit for the same cause of action.

And if the judgment is not void as to him, then it ought not to be reversed, but he ought, on every ground, to be held bound thereby.

And let it be observed, that it does not follow from our refusal to reverse, that the judgment is not void. In relation to such a judgment, the prevailing party therein stands in a very different situation from him against whom it is rendered. The latter is entitled to a reversal because such a judgment may be enforced against his property, and the officer levying an execution thereon would be protected. Nothing on the face of the process, or even in the judgment itself, would indicate that it is not in all respects valid, and upon this ground it was that the court in *Striker* v. *Mott*, above cited, ordered a reversal. But the prevailing party, if the judgment be void, loses nothing, and can lose nothing by it. And nothing has occurred, or can occur to his prejudice by reason thereof. In a case above referred to, NELSON, J., says (when he deemed the judgment erroneous on other grounds): " The judgment was clearly erroneous, and the plaintiff [defendant in *certiorari*] could have reversed it as he was aggrieved, but I am not aware of any rule or practice that will permit the defendant [plaintiff in *certiorari*] to right him. I think he should continue to suffer unless he chooses to move himself in the matter." So here, I think, it is the defendant who alone can be said to be aggrieved, if any one. And it is right that she should suffer if she do not complain of the wrong. The plaintiff has no occasion to ask of us that the defendant be relieved.

It would be hard, indeed, upon the defendant, if the plaintiff could be permitted to bring his suit, choosing his jurisdiction, going to trial, and recovering a judgment, and then come here by appeal and have a reversal with costs, and thus leave the defendant, who is in no wrong in respect to this question, not

only to pay her own costs below, but also to pay costs in this court.

In my opinion the judgment should be affirmed.

