In the Matter of the Application of the BROADWAY AND SEVENTH AVENUE RAILROAD COMPANY, Respondent, for Condemnation of the Leasehold Estate and Property of THE ACKER, MERRALL AND CONDIT COMPANY, Appellant.

*Condemnation of real property under chapter 23, title 1, of the Code of Civil Procedure — appeal from an intermediate order — defective notice of the presentation of the petition.*

An appeal lies to the General Term from an order affecting a substantial right, as, *e. g.*, an order appointing commissioners of appraisal, made in a proceeding under chapter 23 of title 1 of the Code of Civil Procedure, for the condemnation of real property, before the entry of the final order or judgment. (Code Civ. Pro. §§ 1356, 3334.)

Objections raised to the sufficiency of the notice of the presentation of the petition in such a proceeding for condemnation are not waived by the mere fact that a demurrer to the petition is subsequently interposed.

The statement in a notice annexed to a petition for the condemnation of real property situated in the city of New York, that the petition will be presented to "the Special Term of the Supreme Court of New York," is not a compliance with the provision of section 3361 of the Code of Civil Procedure, which requires a notice of the place at which the petition will be presented to a Special Term of the Supreme Court held in the judicial district where the property is situated, and jurisdiction is not acquired under such a defective notice.

APPEAL by the defendant, the Acker, Merrall & Condit Company, from an order of the Supreme Court made at a Special Term held in and for the county of New York, and entered in the office of the clerk of the city and county of New York on the 11th day of April, 1893, appointing commissioners of appraisal in a proceeding for the condemnation of certain real property situated in the city of New York.

*Henry G. Atwater*, for the appellant.

*Chandler & Kremer*, for the respondent.

VAN BRUNT, P. J.:

This proceeding was instituted by the respondent under chapter 23, title 1, of the Code of Civil Procedure for the condemnation of certain property as necessary for the prosecution of its business.

Upon presentation of the petition, with notice attached, to the court, the appellant objected to the jurisdiction of the court upon the ground that the notice of the presentation of the petition was insufficient and defective, which objection being overruled, the appellant demurred to said petition upon the ground of its insufficiency, which demurrer was overruled and an order made appointing commissioners of appraisal, and from such order this appeal is taken.

It is urged upon the part of the respondent that this appeal is premature and that no appeal lies from any order made in the progress of the proceeding until the final order or judgment is entered, referring to section 3375, which engrafts upon this proceeding the pernicious practice first injected into our system of procedure by the Code of Civil Procedure, of allowing all proceedings antecedent to the judgment to be reviewed upon appeal from the judgment if the appellant states in his notice that the same will be brought up for review.

The sections under which this proceeding is instituted are part of the Code of Civil Procedure, and the provisions of such Code seem to be applicable thereto, so far as they are not inconsistent. Under the definitions of the Code this proceeding seems to be a special proceeding (§ 3334), and by section 1356 an appeal may be taken from an order affecting a substantial right made in a special proceeding, and the appointment of these appraisers in this special proceeding seems to come within this provision.

It is further claimed by the respondent that by the so-called demurrer to the sufficiency of the petition all objection to the sufficiency of the notice is waived.

We find in the regulation of the practice in these proceedings no provision for the filing of what is technically called a demurrer. In fact the grounds stated in the so-called demurrer were nothing but additional objections to the jurisdiction of the court, because of the insufficiency of the allegations of the petition, and nothing was waived. Indeed, under the system inaugurated by this Code it is difficult to see how any of these objections can be waived by any future proceeding, as the order overruling them may be reviewed upon appeal from the final order or judgment; and if reviewable upon the final order or judgment, such order overruling them may certainly be reviewed upon a direct appeal therefrom.

The section of the Code (3361) requires that there must be annexed to the petition a notice of the time and place at which it will be presented to a Special Term of the Supreme Court held in the judicial district where the property or some portion of it is situated, and a copy of the petition and notice must be served, etc.

The notice in the case at bar reads: " Please to take notice that we shall apply to the Special Term of the Supreme Court of New York, on Thursday, the 16th day of March," etc.   This clearly was not a compliance with the law ; no place whatever was mentioned ; the term " Special Term of the Supreme Court of New York " was just as applicable to every Special Term in the State of New York, wherever held, as to the term held in the county of New York.   If it be said that there could be no mistake or misapprehension because the application was required to be made in the judicial district where the land is situated, it seems to be sufficient to say that the Legislature did not appear to think that this was sufficient, but required the party calling upon the court to exercise this sovereign power to be precise and definite in his notice as to the place of presentation of his petition.   These proceedings tending to deprive a citizen of his property against his will, the statute authorizing the same must be strictly pursued or jurisdiction will not be acquired.

It would seem, therefore, that, the notice of presentation of petition not complying with the statute, the court did not acquire jurisdiction and the order appealed from should be reversed, with ten dollars costs and disbursements, and the proceeding dismissed, with costs.

Barrett and Follett, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and the proceeding dismissed, with costs.