(13 App. Div. 600.)

VILLAGE OF CANANDAIGUA v. BENEDICT et al.

(Supreme Court, Appellate Division, Fourth Department. February 9, 1897.)

APPEAL—DISMISSAL OF PROCEEDINGS—PARTY AGGRIEVED.
    A defendant is not aggrieved by a judgment dismissing the proceedings without prejudice to the plaintiff's right to begin other proceedings, since Code Civ. Proc. § 1209, provides that a final judgment dismissing the complaint does not prevent a new action unless it appears by the judgment roll that it was rendered "on the merits."

Appeal from judgment on report of referee.

Action by the village of Canandaigua, by Charles F. Robertson and others, constituting the board of water commissioners of said village, against Robert M. Benedict, impleaded, for condemnation. From "so much of the judgment duly entered herein in the office of the clerk of the county of Ontario on the 3d day of September, 1896, as determines that the map filed by the plaintiff board of water commissioners is a substantial compliance with the statute, and that the construction, operation, and maintenance of the aforesaid pole line is authorized by the statute, and the plaintiff will have the right to construct, operate, and maintain the same upon taking proper proceedings to acquire the defendant's land therefor, or such interest therein as may be necessary,"—defendant appeals. Dismissed.

In the year 1895 the board of water commissioners of the village of Canandaigua adopted a plan for supplying the village and its inhabitants with water, under the provisions of chapter 181 of the Laws of 1875. The plan contemplated the erection of a power house at the foot of Main street, in said village, near the foot of the lake; the construction of a reservoir on the west side of the lake, about 3,500 feet from the lake, and a pump house on the lake shore, the reservoir and

pump house being about 3½ miles from the power house; and the transmission of power from the power house to the pump house by electricity, thereby forcing water from the lake to the reservoir, to be distributed from that point to and through the village by gravity pressure, through mains and pipes. The pole line extends upon the lands of several different owners, covered by the highway; and they severally conveyed the required easement to the village, except the defendant, who declined to receive a money compensation, and demanded the right to the use of water to be conveyed as long as the mains and pole lines should remain. On the 16th of July, 1895, the plaintiff's petition was prepared, asking that it be adjudged that the public use requires the condemnation of the real property described, and that it be permitted to hold the same for the public use specified, upon making compensation therefor. The petition was presented to a special term. The defendant prepared an answer, which was verified on the 27th of July, 1895. Upon reading the petition and the answer of Benedict, defendant, a reference was made to Abraham Benedict, Esq., "to hear, try, and determine the issues raised by the answer of the defendant Robert M. Benedict herein." That order was entered on the 23d of August, 1895, in Ontario county. On the 26th of August, 1896, the referee made a report stating several conclusions of law, the fourth of which was as follows: "That the defendant Benedict is entitled to judgment dismissing the proceedings, with costs, but without prejudice to the plaintiff's right to begin other proceedings, or to apply to the court for such relief as it may be advised." Upon that report the defendant entered judgment September 3, 1896, from parts of which he has appealed. The judgment, among other things, contains the following language: "Ordered and adjudged that the plaintiff's proceedings herein be dismissed, without prejudice to the plaintiff's right to begin other proceedings, or apply to the court for such relief as it may be advised, and that the defendant Robert M. Benedict recover of the plaintiff, village of Canandaigua, the sum of two hundred and seventy-six dollars and twenty cents, his costs and disbursements herein."

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

J. H. Metcalf, for appellant.

James C. Smith, for respondent.

HARDIN, P. J.   Section 1209 of the Code of Civil Procedure provides as follows:

"A final judgment, dismissing the complaint, either before or after a trial, rendered in an action hereafter commenced, does not prevent a new action for the same cause of action, unless it expressly declares or it appears by the judgment roll, that it is rendered upon the merits."

See Hoag v. Town of Greenwich (Sup.) 15 N. Y. Supp. 743; Stokes v. Railroad Co., 89 Hun, 2, 34 N. Y. Supp. 1051.

Chapter 95 of the Laws of 1890 is entitled "An act to amend the Code of Civil Procedure," and is known as "Chapter 23" of that Code, and the first section of the chapter provides, viz. "This title shall be known as the condemnation law;" and it contains 28 sections, and took effect May 1, 1890.   In Railroad Co. v. Hammond, 77 Hun, 41, 28 N. Y. Supp. 454, it was said, viz.: "A complete system of practice in condemnation proceedings is provided by chapter 23 of the Code of Civil Procedure."   In Re Trustees of New York and Brooklyn Bridge, 137 N. Y. 97, 32 N. E. 1054, that chapter was assumed to be a revision of the condemnation law; and those cases were approved and followed in City of Syracuse v. Stacey, 86 Hun, 450, 33 N. Y. Supp. 929.   In section 3367 of the Code of Civil Procedure, provision is made for the trial of any issue raised by a peti-

tion and answer, by the court, or before a referee; and it is provided that:

"Upon such trial the court or referee shall file a decision in writing, or deliver the same to the attorney for the prevailing party, within twenty days after the final submission of the proofs and allegations of the parties, and the provisions of this act relating to the form and contents of decisions upon the trial of issues of fact by the court or a referee, and to making and filing exceptions thereto, and making and settlement of a case for the review thereof upon appeal, and to proceedings which may be had, in case such decision is not filed or delivered within the time herein required, and to the powers of the court and referee upon such trial, shall be applicable to a trial and decision under this title."

As already stated, it appears in the record now before us that the decision of the referee, and the judgment entered thereupon, were not upon the merits. Upon the contrary, the decision of the referee dismissing the proceedings is stated to be "without prejudice to the plaintiff's right to begin other proceedings," and in the judgment it is stated that the proceedings are dismissed "without prejudice to the plaintiff's right to begin other proceedings." Section 1294 of the Code of Civil Procedure provides that "a party aggrieved may appeal." It has been held that only the party who is aggrieved by the judgment can reverse it, and that the party in whose favor a judgment is given cannot be aggrieved by it. Fairbanks v. Corlies, 1 Abb. Prac. 150; Hooper v. Beecher, 109 N. Y. 609, 15 N. E. 742.

We are of the opinion that the appeal should be dismissed.

Appeal dismissed, with costs.

FOLLETT and GREEN, JJ., concur. ADAMS and WARD, JJ., not voting.