(59 App. Div. 187.)

ERIE R. CO. v. STEWARD et al.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

1. CONDEMNATION PROCEEDINGS—SPECIAL PROCEEDINGS—ACTION—APPEAL.
　　Under Code Civ. Proc. c. 23, authorizing condemnation of private property for public use, a proceeding in condemnation is a "special proceeding," and not an "action"; and hence no appeal can be taken in such proceedings under the general statute authorizing appeals in actions.

2. SAME—JUDGMENT—ORDER.
　　Under Code Civ. Proc. § 1356, authorizing an appeal from an "order" in a special proceeding, an appeal cannot be taken from a judgment for plaintiff awarding condemnation and appointing commissioners to appraise value of the condemned property in condemnation proceedings, since such a judgment is not an order.

3. SAME—ORDER—FINAL DETERMINATION.
　　A judgment for the plaintiff in condemnation proceedings, awarding condemnation and appointing commissioners to appraise value, is not an order finally determining such proceedings, so as to entitle defendant to appeal.

Appeal from special term.

Condemnation proceedings by the Erie Railroad Company against Mary Anna Steward and others. From a judgment awarding con-

demnation and appointing commissioners, defendants appeal. On motion to dismiss. Granted.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

Taylor & Seymour, for appellants.

Charles F. Brown, for respondent.

SEWELL, J. This proceeding was instituted by the respondent under the condemnation law (chapter 23, Code Civ. Proc.). The issue joined was tried at a special term, the usual judgment was entered, and from that judgment the defendants appealed.

It is a special proceeding, and not an action. In re South Market St., 80 Hun, 246, 29 N. Y. Supp. 1030; In re Rafferty, 14 App. Div. 55, 43 N. Y. Supp. 760. Special provision is made by this statute for the trial of the issues raised by the petition and answers, for a decision, judgment, and final order, and for appeals therefrom. The whole proceeding forms an independent and complete system of procedure specially created by the legislature for the condemnation of real property. There is no provision of the statute permitting an appeal from a judgment in favor of the plaintiff in such a proceeding. The only express authority for an appeal from the judgment directed to be entered is section 3376, Code, which provides:

"If a trial has been had and judgment entered in favor of the defendant, the plaintiff may appeal therefrom to the appellate division of the supreme court within the time provided for appeals from judgments by title four of chapter twelve of this act, and all the provisions of said chapter relating to appeals from judgments shall apply to such appeals; and on the hearing of the appeal the appellate division may affirm, reverse, or modify the judgment, and in case of reversal may grant a new trial, or direct that judgment be entered in favor of the plaintiff. If the judgment is affirmed, costs shall be allowed to the respondent; but, if reversed or modified, no costs of the appeal shall be allowed to either party."

The only other statutory provision for an appeal in this proceeding is contained in section 3375, which provides:

"Appeal may be taken to the appellate division of the supreme court from the final order, within the time provided for appeals from orders by title four of chapter twelve of this act; and all the provisions of such chapter relating to appeals to the appellate division of the supreme court from orders of the special term shall apply to such appeals. Such appeal will bring up for review all the proceedings subsequent to the judgment, but the judgment and proceedings antecedent thereto may be reviewed on such appeal, if the appellant states in his notice that the same will be brought up for review."

There is nothing in the provisions of this chapter which directly or by necessary implication takes away the power of this court to review any exercise of discretion by the special term in these proceedings, and this power of review was asserted in Re Brooklyn El. R. Co., 87 Hun, 88, 33 N. Y. Supp. 881, in Manhattan Ry. Co. v. O'Sullivan, 6 App. Div. 571, 575, 40 N. Y. Supp. 326, and in Re New York & Brooklyn Bridge, 137 N. Y. 95, 32 N. E. 1054, where the authority of the general terms to review an order of the special terms setting aside the report was distinctly affirmed; the court holding that it was not intended to limit the ordinary review of special term orders in these proceedings, and that such limitations cannot be implied from the

direct authority to appeal from a final order. The question of the construction of this statute with reference to the right of the defendant to appeal from the judgment entered in favor of the plaintiff, pursuant to the provisions of section 3369, has not been discussed or expressly decided in any reported case. In Re Broadway & S. A. R. Co., 69 Hun, 275, 23 N. Y. Supp. 609, a demurrer to the petition was overruled, and the opinion states:

"An order was made appointing commissioners of appraisal, and from such order this appeal is taken."

It does not appear that a judgment was entered in that proceeding, and it may be that the decision of the court was expressed in the form of an order. However that may be, the right of a defendant to appeal from an interlocutory judgment entered pursuant to the provisions of section 3369 was apparently not considered. All the court decided in that case, as to the right of appeal, was that the general provisions of the Code are applicable to these proceedings, so far as they are not inconsistent, and that by section 1356 an appeal may be taken from an order affecting a substantial right made in a special proceeding.

In the case of Village of Champlain v. McCrea, 165 N. Y. 264, 59 N. E. 83, no motion was made in the supreme court to dismiss the appeal. The only question considered or decided by the court of appeals in reference to the right of appeal was whether the order appealed from was a final order within the meaning of the constitution and subdivision 1, § 190, of the Code of Civil Procedure, and therefore appealable as a matter of right to that court.

The legislature apparently intended, by the provision for a review of the judgment and all proceedings upon an appeal from the final order, that the determination of the court upon the question of the plaintiff's right to condemnation should be conclusive until the entry of the final order, when the proceeding is finally concluded, unless it is in favor of the defendant, in which case the judgment also has the effect of ending the proceeding, in the sense that the plaintiff can go no farther without appealing. The statute simply gives an appeal at the close of the proceeding to the party aggrieved by the particular determination then authorized to be made,—if in favor of the defendant, from the judgment, by the plaintiff; if in favor of the plaintiff, from the final order, by the party aggrieved. The effect of these provisions is to give to each party one appeal from a determination. They prevent appeals piecemeal, and are in harmony with the general provisions of the Code relating to appeals, which give the right of appeal only to the party aggrieved by the judgment. Section 1294, Code Civ. Proc.; Hooper v. Beecher, 109 N. Y. 609, 15 N. E. 742; Village of Canandaigua v. Benedict, 13 App. Div. 600, 43 N. Y. Supp. 630. If the legislature has omitted making any provision for such an appeal, it is clear that none can be taken; for the right of appeal is entirely statutory, and can be taken only from such judgments as are designated expressly or impliedly by the statute authorizing the appeal. Garczynski v. Russell, 75 Hun, 512, 27 N. Y. Supp. 461.

The Code permits appeals (1) from judgments finally determining actions, (2) from orders finally determining special proceedings, and

(3) from orders made in such an action or special proceeding. This "judgment" is not a judgment or an order in an action; and this leaves the appellants no ground to stand upon here, unless they can show that it is an order in a special proceeding. No valid reason seems to exist why this word "judgment" should not be construed according to its natural and ordinary signification. It cannot be doubted that the legislature had the right to direct a judgment to be entered during the progress of a special proceeding, or to authorize an appeal therefrom by either party; and no reason is urged why it should be construed to be an order. That it is a determination of the court entered as a judgment in a legal proceeding, in which only the amount of the damages and costs is reserved, is obvious. It adjudges and determines the rights of the parties, and is conclusive in its character as to all questions litigated or which might have been litigated in the proceeding. If in favor of the defendant, it determines that the plaintiff is not entitled to condemnation; if in favor of the plaintiff, it adjudges that condemnation of the real property described is necessary for the public use, and that the plaintiff is entitled to take and hold the same for that purpose. It appears from a consideration of the whole chapter that the legislature intended to make a distinction between judgments and orders. Provision is made in one section for the entry of a judgment, in another for an order, while other sections provide for an appeal from each. There is no doubt or uncertainty in regard to the intention of the lawmakers. The language of each section is clear and explicit, and neither can be altered or enlarged, so as to include the other or any term not within its spirit or purpose.

It is true that a "judgment" is defined to be a determination of the rights of the parties in the action (section 1200); and subdivision 20, § 3343, provides that, in construing the Code, the word "judgment" refers to a judgment in a civil action. But section 3343 also provides that this rule of construction is to be observed only when a contrary intent is not expressly declared in the provision to be construed, or is not plainly apparent from the context thereof. It is "plainly apparent" that the word "judgment" in this section of the condemnation law was not intended to refer to a judgment in a civil action, from the fact that the Code has in express language provided for just such a determination in a special proceeding, for the enforcement of that judgment, and for an appeal therefrom. It is also to be observed that the condemnation law was not made a part of the Code of Civil Procedure until 1890; and, as it was thereby intended to prescribe a method of·procedure in a particular class of cases (section 3383, Code), its provisions are to be regarded as exceptions to the general and earlier provisions of the Code when they are necessarily inconsistent. In re Murray Hill Bank, 153 N. Y. 199, 210, 47 N. E. 298; Buffalo Cemetery Ass'n v. City of Buffalo, 118 N. Y. 61, 65, 22 N. E. 962; Lyddy v. City of Long Island, 104 N. Y. 218, 222, 10 N. E. 155; Petroleum Co. v. Lacey, 63 N. Y. 422, 426.

I am of the opinion that the determination directed to be entered upon the decision of the judge or referee is an interlocutory judgment; and, as there is no general provision of the Code relating to appeals from such judgments in special proceedings, the provisions of this

law are exclusive, and the defendants can only review the judgment appealed from by appealing from the final order, as provided by section 3375 of the Code.

Without considering the other question presented, my conclusion, therefore, is that the appeal herein should be dismissed, with $10 costs.    All concur.

(59 App. Div. 143.)

### MAGUIRE et al. v. SUPREME COUNCIL, CATHOLIC BENEVOLENT LEGION, et al.

(Supreme Court, Appellate Division, Second Department.    March 8, 1901.)

1. INSURANCE—BENEFICIAL ASSOCIATIONS—DESIGNATION OF BENEFICIARY—ULTRA VIRES—PLEA AVAILABLE TO SOCIETY ONLY.

2. SAME.

In an action by the widow and children of a deceased member of a beneficial society against the beneficiary named in the certificate, the contention that the designation of the beneficiary, who was not a member of deceased's family or dependent on him, was ultra vires of the society, was not available to the plaintiffs, where they did not have possession of a benefit certificate as a basis for their claim.

Appeal from special term, Kings county.

Action by Mary Maguire and others against the Supreme Council, Catholic Benevolent Legion, and another, to recover on a benefit insurance certificate.    From a judgment in favor of defendants, plaintiffs appeal.    Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Henry P. Burr, for appellants.
Thomas F. Magner, for respondents.