Howard T. Hogan, P. J.
In this condemnation proceeding claimant moves to dismiss an appeal by the condemnor, Town of North Hempstead, from an order remanding the matter to the commissioners for further proceedings, upon the grounds that the order is not appealable.
This matter was commenced in the County Court, which by order dated March 28, 1966, confirmed a final report of commissioners fixing damages to claimant at $400,599.20. On appeal, this court by order dated March 7,1969, reversed and remanded the matter to the commissioners for particularization of their calculations. Thereafter, the commissioners rendered a “ Post-Remand Final Report ” dated June 7,1971, increasing the award to $439,806.82.
The condemnor then moved to renew a prior motion to (1) confirm prior report of the commissioners; or, (2) to discharge the commissioners and appoint new commissioners; or, (3) remanding the matter to the commissioners to find the just compensation to be in the amount of $400,000.
Claimant thereupon cross-moved to set aside the “Post-Remand Final Report ” dated June 7, 1971, and sought to re-remand the report to the commissioners to render a new report with directions to increase the award.
On January 5, 1972y the court below granted the motions to the extent of re-remanding’ the matter to the commissioners for further particularization consistent with its decision of December 23,1971, denied the motions in all other respects, and directed *584 that the commissioners render a second ‘ ‘ Post-Remand Pinal Report ’ ’ and further ordered that either party might then move to confirm or set aside the “ new Post-Remand Report ”.
Claimant contends the ‘1 Post-Remand ’ ’ order of the County Court is not appealable. The town argues that the specific language of the Nassau County Administrative Code (§ 11-57.0) permits an appeal from the said order by virtue of CPLR 5701 which statute modifies section 19 of the Condemnation Law with respect to intermediate appeals in condemnation proceedings, citing Central Hudson Gas & Elec. Corp. v. Newman (35 A D 2d 989).
The right of appeal in a condemnation or special proceeding is entirely statutory (Erie R. R. Co. v. Steward, 59 App. Div. 187). Although appeals in condemnation proceedings are no longer limited to final orders since the amendment to section 19 of the Condemnation Law, effective September 1, 1963, nevertheless, the order of remand mentioned above is not appealable as of right since it does not involve the merits or affect a substantial right (CPLR 5701). In any event, we note that section 11-57.0 of the Nassau County Administrative Code authorizes an appeal only from a 1 ‘ final decree ” or an order entered ‘ ‘ on the motion to confirm the report of the commissioners ”, neither of which is here involved.
Accordingly, the claimant’s motion to dismiss the town’s appeal is granted.
Present — Hogan, P. J., Glickman and McCullough, JJ.