THE CITY OF JOHNSTOWN, Appellant, *v.* ADAM FREDERICK and SALLY FREDERICK, Respondents.

*Condemnation proceedings — defendants answering and not succeeding on the trial therein are not entitled to recover costs of the trial — costs of the subsequent proceeding to assess damages and fees of necessary witnesses may be allowed — additional allowance.*

In proceedings to ascertain the compensation to be made to the defendants on the condemnation of real estate, where an answer is interposed and a trial is had before a referee, on whose report judgment is entered in favor of the plaintiff, the defendants are not entitled to recover the costs of the trial, but only the costs on the proceeding to assess damages before the commissioners arising subsequent to the trial of the issue raised by the petition and answer. In such a case the defendants are properly allowed the fees and mileage of necessary and material witnesses produced by them before the commissioners on successive adjourned days.

*Quære*, as to the right of the defendants to an additional allowance of costs not exceeding two per cent upon the amount awarded.

APPEAL by the plaintiff, The City of Johnstown, from an order of the Supreme Court, made at the Fulton Special Term and entered in the office of the clerk of the county of Fulton on the 8th day of June, 1898, denying the plaintiff's motion for a retaxation of costs.

*Andrew J. Nellis*, for the appellant.

*N. H. Anibal*, for the respondents.

PUTNAM, J. :

The order confirming the report of the commissioners to ascertain the compensation to be made to the defendants in this proceeding provided that they recover of the plaintiff costs to be taxed, pursuant to the provisions of section 3372 of the Code of Civil Procedure, as if the compensation awarded had exceeded the amount of the offer, with interest, and an additional allowance of costs not exceeding two per cent upon the amount awarded.

The question arises, what costs the defendants were entitled to under the provisions of the section of the Code of Civil Procedure referred to.

Upon the presentation of the petition of plaintiff for the condemnation of the real estate therein described, the defendants interposed an answer, a trial was had before a referee, and on his report judgment was entered in favor of the plaintiff. Hence, the defendants were not entitled to costs of the trial under the provisions of section 3369 of the Code of Civil Procedure, nor under section 3372 (*supra*), which provides that "If a trial has been had, and all the issues determined in favor of the plaintiff, costs of the trial shall not be allowed to the defendant, but the plaintiff shall recover of any defendant answering the costs of such trial caused by the interposition of the unsuccessful defense, to be taxed by the clerk at the same rate as is allowed to the prevailing party for the trial of an action in the Supreme Court." The only costs the defendants were entitled to were those on the proceeding to assess damages before the commissioners, costs arising subsequent to the trial of the issue raised by the petition and answer.

It has been determined that proceedings before commissioners in condemnation proceedings are not the trial contemplated by the statute. Such proceedings are a mere assessment of damages. The trial referred to in the statute is that which takes place preliminary to the appointment of the commissioners. (*Manhattan R. Co.* v. *Kent*, 80 Hun, 559 ; 145 N. Y. 595.)

As we have seen, the defendants were not entitled to the costs of the trial of the issue raised by the petition and answer, under the provisions of section 3369 or section 3372 of the Code of Civil Procedure. The objection, therefore, to the allowance to defendants of the trial fee, forty dollars, and costs before and after notice of

trial, twenty-five dollars, was well taken. Whether the allowance of eighty two dollars and twenty-three cents made by the court was, under the circumstances, authorized, is not necessary to determine, as that item of the defendants' bill of costs was not objected to by the plaintiff.

The defendants, under the provisions of section 3372 (*supra*), were entitled to be allowed the fees of their witnesses on the assessment of damages. There were hearings before the commissioners on July 9, September 30, October 16, December 5, December 16 and 17, 1897, and on January 27, 1898. We see no objection to the allowance to the defendants of the fees and mileage of the necessary and material witnesses they produced before the commissioners on the successive adjourned days, except that mileage for witnesses on December 17, 1897, should not have been allowed. The hearing on that day was evidently a continuation of that of December sixteenth.

The order should be reversed, with ten dollars costs and disbursements, and a motion for a retaxation granted, with ten dollars costs, on such retaxation, either party being allowed to read additional affidavits.

All concurred, PARKER, P. J., and MERWIN, J., in result.

Order reversed, with ten dollars costs and disbursements, and motion for retaxation granted, with ten dollars costs; on such retaxation either party may be allowed to read additional affidavits.