VILLAGE OF ST. JOHNSVILLE v. SMITH et al.

(Supreme Court, Appellate Division, Third Department. May 21, 1901.)

CONDEMNATION PROCEEDINGS—INTERLOCUTORY JUDGMENT—APPEAL.

Under Code Civ. Proc. § 3375, providing that, after the order confirming the report of commissioners to ascertain the compensation to be paid has been made, .the defendant in condemnation proceedings may appeal, no appeal lies from a judgment that plaintiff is entitled to condemn defendant's land, until after ascertainment of the compensation and payment thereof by commissioners appointed for that purpose.

Appeal from judgment on report of referee.

Condemnation proceedings by the village of St. Johnsville against Daniel Smith and others. From a judgment awarding condemnation, defendants appeal. On motion to dismiss. Granted.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Clark L. Jordan, for appellants.

George C. Butler (Andrew J. Nellis, of counsel), for appellee.

PER CURIAM. We are of the opinion that this motion must be granted. The provisions of the condemnation law clearly point out how appeals may be taken in those proceedings. The first question to be determined in such proceedings is whether the plaintiff is entitled to condemn the property which it desires to acquire. To that end it presents a petition setting forth its claim. Its averments may be met by an answer. In the event defendant succeeds after trial upon such answer, judgment is entered against the plaintiff, and in that event it would end the proceedings. Therefore, by section 3376 of such law (Code Civ. Proc.), an appeal is expressly given to the plaintiff to review that judgment. If, however, upon such trial, or upon a default by defendant. judgment on his petition is entered for the plaintiff, a different provision is made, by which the defendant may review such result. No appeal directly from that judgment is anywhere given him. It is evidently an interlocutory judgment which does not end the proceeding. It determines that the plaintiff is entitled to take the property, upon making compensation therefor, and the court is directed, upon the entry of such a judgment, to appoint commissioners to ascertain the amount to be so paid (section 3369), and it is only after the ascertainment of such compensation and payment thereof that such judgment can be enforced (section 3373). Having this in view, section 3375 of that law provides that, after the order confirming the report of the commissioners to ascertain the compensation to be paid has been made, the defendant may appeal, and by the appeal then taken he may, if he desires, review not only the proceedings of the commissioners, but also the judgment and all proceedings antecedent thereto.

Here is expressly pointed out the method by which the defendant may appeal from the judgment which determines that the plaintiff is entitled to condemn his lands. He is not given the right to at once appeal from that judgment, as the plaintiff is, but he must wait until the amount to be paid to him has been fixed, and such judgment is in a condition to be enforced. Then all his rights in the matter have been fully determined by the court, and he is then allowed to review the whole proceeding in one appeal.

It is hardly necessary to speculate why the defendant is not allowed to settle by an appeal the plaintiff's right to condemn before entering upon an inquiry as to the compensation to be paid. Several answers might be suggested. It is sufficient, however, that by the provision of the law it is very clear that his right to so appeal is postponed until after the final order is entered which adjusts all his rights in the matter. The scheme of the law is a complete one. It provides for appeals, as well as for all other proceedings to acquire property by condemnation. We need not look into the provisions controlling special proceedings generally, because in this law itself we find the practice laid down which controls the question now before us. This conclusion is sustained by the decision in Railroad Co. v. Steward, 59 App. Div. 187, 69 N. Y. Supp. 57.

The appeal is therefore dismissed, with $10 costs and disbursements. All concur.