of the state of New York, to review the assessment of a franchise tax against the relator.   Reversed.

The relator's sole business is that of manufacturing a lining for wood-pulp digesters.   A wood-pulp digester is a large boiler, varying from 10 to 30 feet in diameter, and from 16 to 35 feet in height.   This is, in effect, a steel shell, in which the wood pulp is boiled.   It is necessary to line this shell, in order to prevent the action of the acid upon it.   This lining is manufactured by the defendant under a patent which has been issued to one Eugene Meurer.   The capital stock of the company consists of this patent, which is claimed to be of the value of $90,000, and of $10,000 in cash.   This lining is composed of lead, brick, and cement.   Further facts appear in the opinion.

Argued before PARKER, P. J., and SMITH, EDWARDS, CHASE, and HOUGHTON, JJ.

John B. Gleason, for relator.
John C. Davies, Atty. Gen. (Henry B. Coeman, of counsel), for the comptroller.

SMITH, J.   The exact construction of this lining, which is claimed to be a process of manufacture, is not made clear.   It is fairly inferable, however, from the evidence, that the relator manufactures a lead boiler, which is placed inside of the steel digester, and acts as a lining thereto.   Just how that is protected or supported by the brick and mortar does not appear, nor do I deem it material.   A company formed to manufacture lead boilers would be a manufacturing company.   Why less a manufacturing company if the boilers be used as linings to pulp digesters?   The character of the business is the same whether these be manufactured in a separate manufactory and shipped, or whether they be manufactured upon the ground where they are used.   This manufacture is not an incident to other business.   It is the main or sole business of this company.   In our judgment, the relator comes clearly within the exemption of section 183 of the tax law, as a manufacturing corporation employing all its capital in this state "in manufacturing and in the sale of the product of such manufacturing."

We think the determination of the comptroller should be reversed.

Determination of comptroller reversed, with $50 costs and disbursements.

All concur.

---

(67 App. Div. 367.)

STILLWATER & M. ST. RY. CO. v. BOSTON & M. R. R.

(Supreme Court, Appellate Division, Third Department.   December 31, 1901.)

RAILROADS—INTERSECTIONS—PROCEDURE — APPOINTMENT OF COMMISSIONERS —
    RIGHT OF APPEAL.
        An order appointing commissioners under Railroad Law, § 12, providing that, when two railroad corporations cannot agree on the compensation for making intersections or connections, or on the grades or manner thereof, "the same shall be ascertained and determined by commissioners, * * * as is provided in the condemnation law," is not ap-

pealable, an appeal in a condemnation proceeding being authorized only from a final order.

Appeal from special term.

Proceeding by the Stillwater & Mechanicville Street Railway Company against the Boston & Maine Railroad for the appointment of commissioners under Railroad Law, § 12. From a judgment appointing the commissioners, defendant appeals. Appeal dismissed.

Argued before PARKER, P. J., and EDWARDS, SMITH, and CHASE, JJ.

Thomas O'Connor (Edgar T. Bracket, of counsel), for the motion.

T. F. Hamilton, opposed.

SMITH, J. By section 12 of the railroad law it is, in substance, provided that, if two railroad corporations cannot agree upon the amount of compensation for making intersections or connections, or upon the grades or manner of such intersection, "the same shall be ascertained and determined by commissioners, * * * as is provided in the condemnation law." There is in the railroad law no other provision for the procedure to determine such a controversy. By this provision the procedure under the condemnation law seems to be added to this section for the purpose of determining the questions therein presented. As a part of that procedure, an appeal is authorized by a defendant only from a final order in the proceeding. See Village of St. Johnsville v. Smith, 61 App. Div. 380, 70 N. Y. Supp. 880. By section 3359 of the Code of Civil Procedure, which is a part of the condemnation law, it is provided, "Whenever any person is authorized to acquire title to real property, for a public use by condemnation, the proceedings for that purpose shall be taken in the manner prescribed in this title." In the preceding section real property is defined as "any right, interest or easement therein or appurtenances thereto." If, then, the procedure under the condemnation law has become a part of the railroad law by reference thereto in section 12, this appeal is unauthorized, and the motion to dismiss the same should be granted.

Appeal dismissed, without costs. All concur.