In the Matter of the Petition of The Brooklyn Union Elevated Railroad Company, Appellant, Relative to Acquiring Title to Real Estate or a Right of Way on Crescent Street, etc., in the Borough of Brooklyn, County of Kings.    Parcel No. 85, Premises No. 165 Lexington Avenue.

Theodore B. Case, Respondent.

*Costs — a trial fee not allowed in condemnation proceedings for an assessment of damages.*

Under section 3372 of the Code of Civil Procedure, a defendant in a condemnation proceeding, who, after an assessment of damages by the commissioners, is awarded a greater sum for his property than was offered to him by the corporation seeking to condemn, is not entitled to recover costs as though a trial had been had.

Appeal by the petitioner, The Brooklyn Union Elevated Railroad Company, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 12th day of July, 1902, adjusting the costs to be taxed by the respondent, a property owner.

*Alexander S. Lyman* and *George D. Yeomans*, for the appellant.

*Cyrus V. Washburn*, for the respondent.

Per Curiam:

If the question presented by this appeal were a new one, it might well be held that under section 3372 of the Code of Civil Procedure

a landowner who is awarded for his property more than was offered to him by the party seeking to condemn it, is entitled to recover costs as though a trial had been had. But a different view has been so often taken by courts of concurrent jurisdiction that we deem a contrary rule to be established by authority.

In *Manhattan Railway Co.* v. *Kent, No. 2* (80 Hun, 559; affd., 145 N. Y. 595) the General Term of the first department said: "The proceedings before the condemnation commissioners were not the trial contemplated by the statute. Such proceedings were a mere assessment of damages. The trial spoken of in the statute is that which takes place preliminary to the appointment of commissioners."

In *City of Johnstown* v. *Frederick* (35 App. Div. 44) the order confirming the report of the commissioners provided that defendants should recover of the plaintiff costs to be taxed pursuant to section 3372 of the Code of Civil Procedure "as if the compensation awarded had exceeded the amount of the offer, with interest, and an additional allowance of costs not exceeding two per cent upon the amount awarded;" and the question presented for determination to the Appellate Division, as stated by Mr. Justice PUTNAM, was "what costs the defendants were entitled to under the provisions of the section of the Code of Civil Procedure referred to?" In answer to this question the court held, following *Manhattan Railway Co.* v. *Kent, No. 2* (*supra*), that the defendants were not entitled to any trial fee or costs before or after notice of trial, the proceedings before the commissioners being merely an assessment of damages.

To the same effect is the later decision of the Appellate Division in the same department in *Village of St. Johnsville* v. *Cronk* (55 App. Div. 633), where a majority of the court refused to adopt a contrary construction of the statute ably presented in the dissenting opinion of KELLOGG, J.

We conclude that the order appealed from should be reversed.

GOODRICH, P. J., BARTLETT, WOODWARD and HIRSCHBERG, JJ., concurred.

Order reversed and costs taxed in accordance with opinion per curiam.