In the Matter of the Petition of the BROOKLYN UNION
ELEVATED RAILROAD COMPANY, Respondent, Relative to
Acquiring Title to a Right of Way on Lexington Avenue
and Other Streets in the Borough of Brooklyn in the City
of New York; THEODORE B. CASE, Appellant.

COSTS — WHAT COSTS MAY BE RECOVERED BY LANDOWNER SUCCESS-
FULLY DEFENDING CONDEMNATION PROCEEDING INSTITUTED UNDER
SECTION 3372 OF CODE OF CIVIL PROCEDURE.  Where the compensation
awarded to the owner of real property, by the commissioners in a con-
demnation proceeding instituted under section 3372 of the Code of Civil
Procedure, exceeds the amount offered by the corporation seeking to
condemn the property, with interest from the time the offer was made,
the landowner is entitled to recover the same amount of costs that a
defendant may recover under section 3251 of the Code of Civil Procedure
when he has prevailed in an action in the Supreme Court after a trial;
ten dollars costs for proceedings before notice of trial and fifteen dollars
after notice of trial, with thirty dollars costs for a trial of an issue of fact
and ten dollars for a trial occupying more than two days.

*Matter of Brooklyn Union El. R. R. Co.*, 82 App. Div. 567, reversed.

(Argued October 6, 1903; decided October 13, 1903.)

APPEAL by permission from an order of the Appellate
Division of the Supreme Court in the second judicial depart-
ment entered April 17, 1903, which reversed an order of
Special Term retaxing a bill of costs.

The facts, so far as material, and questions certified, are
stated in the opinion.

*Cyrus V. Washburn* for appellant.  The state legislature,
in enacting title 1 of chapter 23 of the Code of Civil Pro-
cedure, intended and did grant a defendant, entitled to costs
under section 3372, the same amount as costs as a defendant
is entitled to under section 3251 of the Code, when he has
prevailed in an action in the Supreme Court after a trial.
(*M. R. R. Co.* v. *Taber*, 78 Hun, 434; *M. R. R. Co.* v.
*McKee*, 1 App. Div. 488; *M. R. R. Co.* v. *Kent*, 80 Hun,
557; *H. Co.* v. *N. Y., L. E. & W. R. R. Co.*, 83 Hun, 407;

*L. S. & M. S. R. Co.* v. *Brinkman,* 65 Hun, 538 ; *Tompkins* v. *Hunter,* 149 N. Y. 117.) The defendant, under the facts in this case, is entitled to ten dollars costs as for proceeedings before notice of trial and fifteen dollars after notice of trial. (Code Civ. Pro. § 3372.) The defendant, under the facts in this case, is entitled to thirty dollars costs as for a trial of an issue of fact, and ten dollars as for a trial occupying more than two days. (*Place* v. *B. W. & C. M. Co.,* 28 How. Pr. 184 ; *Meyer* v. *Adams,* 63 App. Div. 540 ; *William* v. *Village,* 72 App. Div. 505 ; *Matter of S. B. R. Co.,* 143 N. Y. 253 ; *Matter of B. E. R. R. Co.,* 80 Hun, 356.)

*Alexander S. Lyman* and *George D. Yeomans* for respondent. The first question certified to this court it should either decline to answer as stating an abstract proposition or should answer in the negative. (*Hirsch* v. *Shea,* 156 N. Y. 169 ; *Matter of Davies,* 168 N. Y. 189 ; *Steinway* v. *von Bernuth,* 167 N. Y. 498 ; *Matter of Robinson,* 160 N. Y. 448 ; *Schenck* v. *Barnes,* 156 N. Y. 316 ; *Coatsworth* v. *L. V. R. R. Co.,* 156 N. Y. 451 ; *Matter of Coatsworth,* 160 N. Y. 114.) The defendant is not entitled, under the facts in this case, to costs before and after notice of a trial or for a trial fee or for a trial occupying more than two days. (*M. R. Co.* v. *Kent,* 145 N. Y. 595 ; *Matter of N. Y., L. & W. R. Co.,* 26 Hun, 592 ; *Matter of L. S. & M. S. R. Co.,* 65 Hun, 538 ; *M. R. Co.* v. *Taber,* 78 Hun, 434 ; *M. R. Co.* v. *McKee,* 1 App. Div. 488 ; *City of Johnstown* v. *Frederick,* 35 App. Div. 44 ; *St. Johnsville* v. *Cronk,* 55 App. Div. 633 ; *Peck* v. *S. R. Co.,* 170 N. Y. 298 ; *People* v. *Charbineau,* 115 N. Y. 436.)

BARTLETT, J. This appeal is certified by the Appellate Division and three questions are submitted for the consideration of this court.

This is a proceeding under the Condemnation Law of the Code of Civil Procedure brought by the plaintiff railroad company to acquire title to the easements or property rights appurtenant to the premises of the defendant owner.

An offer to the defendant was made by the plaintiff company as permitted by the Condemnation Law. No answer was interposed, commissioners were appointed, and the proceedings were conducted thereafter under section 3372 of the Code of Civil Procedure. The commissioners awarded nearly seven times the amount as compensation for the easements or property rights taken as that named in the offer. The court on confirming the report of the commissioners granted the defendant costs to be taxed in pursuance of section 3372.

The defendant presented to the clerk for taxation a bill as follows: Before notice of trial, $10.00; after notice of trial, $15.00; trial fee, $30.00; trial occupied more than two days, $10.00; total, $65.00.

The clerk disallowed all of these items and the defendant moved for a retaxation, which was granted, the Special Term allowing all the items thus rejected by the clerk. The plaintiff appealed to the Appellate Division where the order of the Special Term was reversed, the court holding that the defendant was not entitled to any statutory costs.

The learned court opens its opinion with this statement: " If the question presented by this appeal were a new one it might well be held that under section 3372 of the Code of Civil Procedure a landowner who is awarded for his property more than was offered to him by the party seeking to condemn it, is entitled to recover costs as though a trial had been had. But a different view has been so often taken by courts of concurrent jurisdiction that we deem a contrary rule to be established by authority."

This statement is followed by the citation of three authorities which will be presently examined.

It will be profitable to consider at the outset, briefly, the scheme of the Condemnation Law as to trials before the court and the commissioners.

A proceeding under this statute is instituted by a petition which is to be taken as a complaint (§ 3360). Upon presentation of the petition the owner of the property may appear and interpose an answer (§ 3365). The issues raised by the petition

and answer may be tried by the court or sent to a referee (§ 3367). After such trial judgment shall be entered, pursuant to the direction of the court, or referee, and if in favor of the defendant the petition shall be dismissed, with costs, to be taxed by the clerk at the same rates as are allowed, of course, to the defendant prevailing in an action in the Supreme Court, including allowances for proceedings before and after notice of trial (§ 3369).

It is to be observed that the foregoing practice applies exclusively to the conduct of a case where the defendant serves an answer.

Section 3372 regulates the practice where no answer is interposed, but an offer is either made or not made. This section opens with the following language : " In all cases where the owner is a resident and not under legal disability to convey title of real property, the plaintiff, before service of his petition and notice, may make a written offer to purchase the property at a specified price, which must within ten days thereafter be filed in the office of the clerk of the county where the property is situated ; and which cannot be given in evidence before the commissioners, or considered by them. The owner may, at the time of the presentation of the petition, or at any time previously, serve notice in writing of the acceptance of plaintiff's offer, and thereupon the plaintiff may, upon filing the petition, with proof of the making of the offer and its acceptance, enter an order that upon payment of the compensation agreed upon, he may enter into possession of the real property described in the petition, and take and hold it for the public use therein specified ; if the order is not accepted, and the compensation awarded by the commissioners does not exceed the amount of the offer, with interest from the time it was made, no costs shall be allowed to either party."

We now come to that portion of the section applicable to the case at bar : " If the compensation awarded shall exceed the amount of the offer, with interest from the time it was made, or if no offer was made, the court shall, in the final order, direct that the defendant recover of the plaintiff the

costs of the proceeding, to be taxed by the clerk at the same rate as is allowed, of course, to the defendant when he is the prevailing party in an action in the Supreme Court, including the allowances for proceedings before and after notice of trial, and the court may also grant an additional allowance of costs, not exceeding five percentum upon the amount awarded."

The remainder of the section has no bearing upon this discussion.

The defendant's case falls precisely within the letter and spirit of the provision last quoted.

The petitioner served an offer, which defendant did not accept, but on the contrary recovered nearly seven times the amount thereof.

As before pointed out, the Condemnation Law provides for two forms of trial; if an answer is served the trial is before the court or a referee, and the defendant, if successful, is allowed costs as of course in an action.

If there is no answer interposed, no offer made, or if made not accepted and the defendant recovers a larger sum than the amount named therein, or recovers in absence of offer, he is allowed costs " to be taxed by the clerk at the same rate as is allowed, of course, to the defendant when he is the prevailing party in an action in the Supreme Court, including the allowances for proceedings before and after notice of trial, and the court may also grant an additional allowance of costs, not exceeding five percentum upon the amount awarded."

The authorities cited by the learned Appellate Division are as follows: *Manhattan Railway Co.* v. *Kent* (80 Hun, 559; affirmed, 145 N. Y. 595, without opinion).

An inspection of the record in the above case shows that the proceeding was not governed by the provisions of section 3372.

As already pointed out, that section applies only where the owner is a resident and not under any legal disability to convey title to real property.

The record shows, by the petition instituting the proceedings, that there were certain persons and classes of persons

not in being, who upon their coming into being would have interests in the property sought to be condemned, and upon the presentation of the petition application was made to the court for the appointment of an attorney to represent such persons and classes of persons in the proceedings. Such attorney was duly appointed and he interposed an answer on behalf of the possible infants not in being. After issue was joined a referee was duly appointed to determine the truth of the allegations contained in the petition. Thereupon a trial was duly had under section 3367 of the Code. Thereafter commissioners were appointed to ascertain the compensation to be made to the defendants therein. The defendants were unsuccessful in their efforts to tax the costs of an action in the proceeding before the commissioners, the courts holding that under the circumstances it was a mere assessment of damages. No part of this proceeding was under section 3372 of the Code. The trial, as already pointed out, was under section 3367, and the proceedings before the commissioners were a mere assessment of damages at the foot of the judgment entered at the trial.

The next case cited is *City of Johnstown* v. *Frederick* (35 App. Div. 44). In that case, upon the presentation of the petition of plaintiff for the condemnation of the real estate therein described, the defendants interposed an answer. A trial was had before a referee, and on his report judgment was entered in favor of the plaintiff. It was there held that the assessment of damages before the commissioners after this judgment did not entitle defendants to costs as in the trial of an action. The trial was under section 3367 of the Code.

The last case cited is *Village of St. Johnsville* v. *Cronk* (55 App. Div. 633). In that case no answer was served and no offer was made by the petitioner. The absence of an offer distinguishes it from the case at bar. The able dissenting opinion of Mr. Justice KELLOGG, however, makes it clear that the case was governed by section 3372 and was improperly decided.

The foregoing cases are distinguishable from the one at bar.

We are not dealing, at this time, with proceedings before the commissioners where the case has proceeded to judgment after answer under section 3367, or where no offer is made by plaintiff under section 3372.

The provisions of section 3372 are very clearly expressed and there is no occasion for construction.

The appellant was entitled to have his costs taxed at $65.00, made up of the items allowed by the Special Term.

The following questions have been certified to us, all of which we answer in the affirmative:

"*First.* Did the Legislature in enacting title 1 of chapter XXIII of the Code of Civil Procedure and the acts amendatory thereof and supplementary thereto intend to grant a defendant, entitled to costs under section 3372 of said chapter, the same amount as costs as a defendant is entitled to under section 3251 of the Code when he has prevailed in an action in the Supreme Court after a trial?

"*Second.* Is the defendant, under the facts in this case, entitled to ten dollars costs as for proceedings before notice of trial and fifteen dollars after notice of trial?

"*Third.* Is the defendant, under the facts in this case entitled to thirty dollars costs as for a trial of an issue of fact and ten dollars as for a trial occupying more than two days?"

The order of the Appellate Division should be reversed, and that of the Special Term affirmed, with costs.

Parker, Ch. J., O'Brien, Martin, Vann, Cullen and Werner, JJ., concur.

Order reversed, etc.