## MARSHALL et al. v. HATFIELD et al.

(Supreme Court, Special Term, Oneida County. September, 1912.)

1. EMINENT DOMAIN (§ 265\*)—CONDEMNATION PROCEEDINGS—COSTS—"INTER-LOCUTORY JUDGMENT"—"FINAL JUDGMENT."

Code Civ. Proc. § 3367, provides for the trial of issues raised by the petition and answer in a condemnation proceeding by the court or referee. Section 3369 provides for judgment on the decision of the court or referee, and provides that, if in favor of the defendant, the petition shall be dismissed, with costs, but, if in favor of plaintiff, the judgment shall adjudge that condemnation is necessary, and the court shall thereupon appoint commissioners to ascertain the compensation, nothing being said as to costs being included in this judgment. Section 3371 provides that, upon confirmation of the commissioners' report, the final order shall be entered directing payment of the compensation, and that thereupon plaintiff shall be entitled to possession. Section 3372 provides for an offer by the plaintiff to purchase the property, and that if the offer is ,not accepted, and the compensation awarded by the commissioners does not exceed the offer, no costs shall be allowed, but that if the compensation exceeds the offer, or if no offer is made, the court shall in the final order direct that the defendant recover the costs of the proceeding at the same rate as where the defendant is the prevailing party in an action. It also provides that if a trial has been had, and the issues determined in favor of plaintiff, costs of the trial caused by the interposition of the unsuccessful defendant shall be allowed plaintiff. Section 3373 provides that upon entry of the final order ,it shall be attached to the judgment roll, and the amount directed to be paid as compensation, or costs, or expenses, shall be docketed as a judgment. *Held*, that a judgment dismissing the petition, entered on a decision in favor of defendant, is a "final judgment"; but the judgment directing the appointment of commissioners, entered on a decision in favor of plaintiff, is interlocutory.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.\*

For other definitions, see Words and Phrases, vol. 3, p. 2082; vol. 8, p. 7663; vol. 4, pp. 3712–3715; vol. 8, p. 7692.]

2. EMINENT DOMAIN (§ 265\*) — CONDEMNATION PROCEEDINGS — JUDGMENT — COSTS.

The costs of the trial, to which plaintiff is entitled under section 3372, should not be included in the interlocutory judgment, but in the final judgment, entered after the assessment of damages.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.\*]

3. EMINENT DOMAIN· (§ 265\*)—COSTS—POWER OF REFEREE.

A referee, appointed in a condemnation proceeding to determine issues raised by the petition and answer, has no power over the question of costs; the right to costs being determined by the statute.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.\*]

4. EMINENT DOMAIN (§ 265\*)—CONDEMNATION PROCEEDINGS—COSTS.

Under Code Civ. Proc. § 3372, authorizing the plaintiff in a condemnation proceeding to make an offer for the property, and providing that if the compensation awarded does not exceed the offer no costs shall be allowed, but that if it exceeds the offer, or if no offer is made, defendant shall recover costs, to be taxed at the same rate as is allowed of course to a prevailing defendant in an action, while the proceeding to fix com-

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pensation is an assessment of damages, and not a trial, it is made the basis for a bill of costs as for a trial.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.*]

5. Costs (§ 220*)—Interlocutory Judgment—Objections—Waiver.

A party does not waive his right to move to strike out a provision for costs, erroneously included in an interlocutory judgment, by appeal from such judgment.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 827–831; Dec. Dig. § 220.*]

Condemnation proceeding by Charles L. Marshall and others against Albert R. Hatfield and others. On motion to strike from the interlocutory judgment a provision for costs, and to cancel the docket thereof. Motion granted.

G. C. Morehouse, of Utica, for plaintiffs.
T. H. Merwin, of Utica, for defendants.

DE ANGELIS, J. The proceeding was taken pursuant to chapter 23 of the Code of Civil Procedure, known as the condemnation law. The defendants interposed an answer, the issues were referred to a referee to hear and determine, he reported in favor of the plaintiffs, and they procured a bill of costs to be taxed by the clerk and have caused to be entered and docketed the so-called judgment. Thus there appears upon the judgment docket a judgment against the defendants for such costs. The claim of the defendants is that such judgment is in reality an interlocutory order in a special proceeding, and that no provision for costs should have been inserted therein, but the provision for costs and the adjustment thereof should have been deferred to the entry of the final order.

This is a special proceeding, and it is the theory of our judicial procedure that both an interlocutory determination and a final determination in such a proceeding should be denominated an order, and not a judgment. In this particular proceeding the Legislature has made use of the term "judgment." C. C. P. § 3369. The harmony of our procedure would have been better served by adhering to the term "order." Our Appellate Division has held that such a proceeding may be attended, within the scheme of our statute, with two so-called trials, and that each of the trials may be followed by the allowance of a bill of costs to the successful party, so that, the plaintiff or petitioner having succeeded on one of the trials, and the defendant or respondent having succeeded upon the other trial, each may be entitled to a bill of costs, made up of items similar to those in an action, to wit, for proceedings before notice of trial, after notice and before trial, and for trial. Matter of Village of Theresa, 121 App. Div. 119, 105 N. Y. Supp. 568.

[1, 2] I think the so-called judgment entered upon the report of the referee was interlocutory, and that our statute does not contemplate that this judgment should contain any provision for costs. Section 3369 provides for such order in a proceeding of this nature, called

a judgment, whether the same results from a trial after the interposition of an answer, or upon a default where no answer is served. Although specifically directing the entry of such order or judgment, no costs are directed to be inserted therein. That section also provides for a judgment or order dismissing the petition, "with costs," in case of the decision of the court or the report of a referee directing such dismissal. This latter order or judgment is clearly a final order or judgment.

Where commissioners have been appointed, as provided in section 3369, and their proceedings taken, as provided in section 3370, in case their report is confirmed, section 3371 provides for a final order in the proceeding. Section 3372 is devoted to the matter of the disposition of costs. The language is such as to leave no doubt that such costs are to appear only in the final order. Section 3373 provides for the completion of the final order where an award has been made, and this significant language is used:

"Upon the entry of the final order, the same shall be attached to the judgment roll in the proceeding, and the amount directed to be paid, either as compensation to the owners, or for the costs or expenses of the proceeding, shall be docketed as a judgment against the person who is directed to pay the same, and it shall have all the force and effect of a money judgment in an action in the Supreme Court, and collection thereof may be enforced by execution and by the same proceedings as judgments for the recovery of money in the Supreme Court may be enforced under the provisions of this act."

The legislation on this subject is reasonable, and the claim that costs must be awarded in the interlocutory judgment, or lost to the plaintiff, is without merit.

[3] The referee had no power over the question of costs. If he had decided in favor of the defendants, the judgment that would have been entered upon his report, pursuant to section 3369, would have contained, by virtue of that section, costs against the plaintiffs or petitioners. His report having been in favor of the plaintiffs or petitioners, he likewise had nothing to do with the question of costs, and should have made no direction in the premises. The last sentence of section 3372 determines where the costs of the trial before him are to go, and section 3373 determines that they are to be adjusted in and appear in the final order.

Sections 3375 and 3376, providing for appeals in such a proceeding, indicate the character of the judgment or order under consideration as interlocutory. The strict language of section 3375 does not seem to permit an original appeal from a judgment or order like that under consideration, but permits it to be reviewed on an appeal from the final order, if the notice of appeal demands such review. A direct appeal from an order like that under consideration has been held not to be permissible. Erie R. R. Co. v. Steward, 59 App. Div. 187, 69 N. Y. Supp. 57; Village of St. Johnsville v. Smith, 61 App. Div. 380, 381, 70 N. Y. Supp. 880. In the latter case such a judgment or order is expressly described as interlocutory. Whether these decisions were right or wrong in holding that an original appeal could not be taken to the Appellate Division (Matter of City of Rochester, 102

App. Div. 99, 101, 92 N. Y. Supp. 478) does not necessarily involve the question as to whether the judgment or order under consideration is interlocutory, because an interlocutory judgment or order would be appealable in a special proceeding to the Appellate Division, unless limited as claimed in this condemnation law.

Section 3376 provides expressly for an appeal by the defendant where, after a trial, a judgment or order is entered dismissing the petition, thus recognizing such a judgment or order as final, in contradistinction to a judgment or order in favor of the petitioner providing for the appointment of commissioners. The fact that the judgment or order under consideration is interlocutory, considered as a judgment or order in a special proceeding, is fully warranted by what has been decided by the Court of Appeals. Matter of Grab, 157 N. Y. 69, 51 N. E. 398.

But it is suggested that what takes place after the entry of such a judgment or order as that under consideration is merely an assessment of damages, and that, therefore, such judgment or order is the final judgment, and to be docketed as such, and should, therefore, contain the taxed bill of costs of the petitioners or plaintiffs. It may be admitted that such judgment or order is in a sense final, and determines everything that may be litigated in the proceeding, except the amount of damages; but that fact does not require the determination of this controversy in favor of the petitioners or plaintiffs. Where every question that might be raised in an action is settled by a judgment of the Court of Appeals, made the judgment of the Supreme Court, still, before there is a complete judgment for docketing, there may be damages to be assessed. C. C. P. § 194. Where a judgment may be taken by default in an action for a personal injury or an injury to property, before the same can be docketed, the damages must be assessed. C. C. P. § 1215. In an action in partition, where litigation arises, all the issues are disposed of by the interlocutory judgment, including the question of costs of the trial; but still the judgment is interlocutory. Sections 1230 and 1231 of the Code of Civil Procedure, which concern interlocutory judgments in actions, may fairly be considered as furnishing an analogy to the practice to be observed in special proceedings.

[4] The claim that the proceeding before commissioners to determine the amount of damages is a mere assessment of damages, and does not involve a trial, is doubtless strictly true; but that does not prove that the Legislature did not intend to make such assessment the basis for a bill of costs as for a trial. In Matter of Brooklyn Union El. R. R. Co., 176 N. Y. 213, 218, 68 N. E. 249, the court was considering a condemnation proceeding where no answer had been interposed, and the so-called judgment of condemnation had been taken without the interposition of an answer and practically by default. The Court of Appeals in that case reversed the Appellate Division of the Second Department, and affirmed a Special Term order which awarded to the defendant a bill of costs as follows:

"Before notice of trial, $10.00; after notice of trial, $15.00; trial fee, $30.00; trial occupied more than two days, $10.00; total, $65.00."

The Appellate Division had delivered this per curiam opinion:

"The proceedings before the condemnation commissioners were not the trial contemplated by the statute. Such proceedings were a mere assessment of damages. The trial spoken of in the statute is that which takes place preliminary to the appointment of commissioners."

The Court of Appeals said at page 218 of 176 N. Y., and page 250 of 68 N. E.:

"No part of this proceeding was under section 3372 of the Code. The trial, as already pointed out, was under section 3367, and the proceedings before the commissioners were a mere assessment of damages at the foot of the judgment entered at the trial."

Was the Court of Appeals quite right in attempting to distinguish Manhattan R. Co. v. Kent, 80 Hun, 559, 30 N. Y. Supp. 959, affirmed 145 N. Y. 595, 40 N. E. 164, from the case it was deciding? Was not the effect of the decision of the Court of Appeals to overrule Manhattan R. Co. v. Kent? It is to be observed that the offer or failure to offer, referred to in section 3372, is not confined to a case where no answer is interposed, but applies to any case, whether an answer is interposed, resulting in a decision favorable to the petitioner or plaintiff, upon which a judgment or order of condemnation is entered, or where no answer is interposed, and the judgment or order of condemnation is taken without opposition. The effect of the judgment or order of condemnation is alike in both cases, and is to be attended with the same consequences, as to costs, of an offer or a failure to make an offer. What the Court of Appeals actually decided was entirely correct. It held that where no offer was made, or the award was greater than the offer, the design of the Legislature was to give the owner of the property the benefit of a bill of costs, equivalent to a bill of costs upon a trial. In the great majority of condemnation proceedings no answer is served, and the matter of the value of the property involved is the basis of the controversy between the parties. The proceeding for the determination of that controversy does not create an issue in the general scheme of our procedure. In order that the most complete protection may be given to those whose property is taken in invitum for public use, this unusual basis for a bill of costs has been established.

[5] It is claimed by the petitioners or plaintiffs that, as the defendants have appealed from this so-called order or judgment, they have waived the right to have the same corrected. Even assuming that the correction might be made upon the appeal, I do not think the appeal is a waiver of the right to make this motion.

My conclusion is that the order or judgment should be modified, by striking therefrom the provision for costs, and that the docket of the item of costs should be canceled. No costs are allowed.

Ordered accordingly.