In the Matter of the Claim of DOROTHY E. McCONNELL, Respondent, against TOWN OF WHITESTOWN et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— On this motion for reargument we have considered the additional points of law raised in appellants' memorandum which we assume would have been presented in the reply brief which did not reach the court until after the decision was announced. Upon a consideration of those points, and the papers in support of the motion, we adhere to our original view. Some of the questions raised depend upon the credibility of witnesses which we are not authorized to review in this kind of case. Motion for reargument, or in the alternative, for permission to appeal to the Court of Appeals denied, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ. [See *ante,* p. 1098.]

■

In the Matter of COPLIN YARAS, Respondent, against MARTIN SCHENCK, as Albany County Judge, et al., Appellants.— Appeal from an order of the Supreme Court at Special Term for Albany County, which temporarily stays a condemnation proceeding in the County Court of Albany County, pending the determination of an application by petitioner-respondent for an order in the nature of prohibition. Petitioner is the owner of certain real estate in the city of Albany which the city seeks to acquire for the purpose of widening a street known as Sheridan Avenue and in accordance with certain acts and resolutions of the Common Council of the city. This matter has been in litigation before, and it was determined that a local law repealing former provisions of the Albany City Charter relating to condemnation proceedings was a valid enactment, and that the County Court had jurisdiction of the matter (*Matter of Yaras* [*City of Albany*], 283 App. Div. 214, affd. 308 N. Y. 864). In this proceeding, as we understand it, petitioner's claim is that the proposed taking is excessive and not for public use, and hence the County Court is about to act in excess of its jurisdiction. Petitioner urges that prohibition is a proper remedy on the authority of *Matter of Watkins* v. *Ughetta* (273 App. Div. 969, affd. 297 N. Y. 1002). If the proposed taking was clearly excessive and beyond the ambit of any possible public use we would agree that prohibition might lie, but that premise does not appear here. We cannot say from the map filed and as a matter of law that the taking is excessive. It is for the County Court to determine that issue in the first instance upon proper pleadings and testimony, and prohibition is not available merely because petitioner fears the County Court may erroneously decide such an issue. Nor do we agree with petitioner's contention that a remedy by appeal is inadequate. It seems to us quite unlikely that the city would move for possession of the premises pending a determination of its rights in the matter; and, in any event, without knowledge as to how much it may be required to pay for the property sought to be taken. Moreover, if it should appear after a decision has been made that the County Court is about to proceed in excess of its jurisdiction, or that a fair question is presented as to the correctness of its determination, petitioner may then apply for a stay in connection with whatever appeal he may determine to take. At the present stage of the condemnation proceeding a stay is not warranted. Order reversed and stay vacated, without costs. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.