■ CITY OF ALBANY, Respondent, v. COPLIN YARAS, Appellant, et al., Defendants.— Appeal by defendant Yaras from a judgment of the County Court of Albany County entered December 22, 1955, upon a decision of the court on a trial at Trial Term, adjudging the condemnation of certain real property and appointing commissioners of appraisal and motion by respondent to dismiss the appeal as premature. By his notice of appeal, appellant seeks to bring up for review, also an order of said County Court entered April 19, 1955, denying appellant's motion for an order dismissing the petition herein on the ground that it appeared on the face of the petition that the court did not have jurisdiction of the subject of the action. Various questions heretofore arising in the course of this litigation have been passed upon in the Court of Appeals and here. (See *Matter of Yaras [City of Albany],* 305 N. Y. 580; *Matter of Yaras [City of Albany],* 283 App. Div. 214, affd. 308 N. Y. 864, and *Matter of Yaras* v. *Schenck,* 285 App. Div. 1209.) Appellant contends that the Condemnation Law, which vests jurisdiction in both the Supreme Court and the County Court, is not applicable to this proceeding and that, therefore, the County Court is without jurisdiction. These contentions were determined adversely to him in *Matter of Yaras (City of Albany)* (283 App. Div. 214, affd. 308 N. Y. 864, *supra*). We there held (p. 220) that the repeal of the provisions of the Albany City Charter which specified the method of procedure for the condemnation of real property " had the effect of allowing the Statewide Condemnation Law to become applicable to the City of Albany ". We had occasion to reiterate this conclusion in the later proceeding for relief in the nature of prohibition, stating that we had " determined that a local law repealing former provisions of the Albany City Charter relating to condemnation proceedings was a valid enactment, and that the County Court had jurisdiction of the matter ". (*Matter of Yaras* v. *Schenck,* 285 App. Div. 1209, *supra.*) On this appeal appellant interposes a new challenge to the jurisdiction, asserting that under section 27 of the Condemnation Law this proceeding, being " a method of procedure for the condemnation of real property for public use as a * * * street * * * in an incorporated city or village ", is embraced within the exceptions enumerated in that section and thereby exempted from the operation of that statute. The exceptions referred to are such acts and parts of acts as prescribe such a method of procedure, such as the former procedural provisions of the charter above referred to, and the exception formerly applicable to the City of Albany, now, of course, does not exist. The provisions of section 103 of the Second Class Cities Law, also cited by appellant, seem in no way inconsistent with the conclusion we have expressed. The Condemnation Law makes no provision for an appeal by a defendant from a judgment whereby condemnation is adjudged and commissioners appointed, the exercise of his remedy being deferred until entry of the final order, from which he may then appeal and on such appeal obtain a review of the judgment and proceedings antecedent thereto.

(Condemnation Law, § 19.) This remedy is exclusive, from and after the time of the granting of judgment. (*Matter of Osborn* v. *Cohen*, 272 N. Y. 55; *City of Corning* v. *Carr*, 278 App. Div. 1018; *New York State Elec. & Gas Corp.* v. *Smith*, 269 App. Div. 725; *Village of St. Johnsville* v. *Smith*, 61 App. Div. 380.) As authorities to the contrary, appellant cites *City School Dist. of City of Mechanicville* v. *Cohen* (285 App. Div. 923) and *Erie Co. Water Auth.* v. *Western New York Water Co.* (281 App. Div. 1070) which are, however, clearly distinguishable. Each case involved an order determining a motion addressed to the jurisdiction and made before joinder of issue. Here, the jurisdictional question had been effectually determined at the outset of the proceeding, and defendant's subsequent motion in the County Court to dismiss for lack of jurisdiction resulted in the denial of that motion by an order from which no appeal was taken. Eventually, issue was joined and a trial had. In the *Mechanicville School Dist.* case (*supra*) we cited the *Erie Co. Water Auth.* case (*supra*), which in turn relied, in part at least, on *Matter of City of Rochester* (*Neun*) (102 App. Div. 99) where the court, while recognizing that section 3375 of the Code of Civil Procedure (now, in substance, Condemnation Law, § 19) constituted the only specific authority for an appeal, said that the general rule applicable to special proceedings should obtain and that jurisdictional objections " interposed at the threshold of the proceeding ought to be determined before the expense and delay of a protracted hearing " (*supra, p.* 101) and, further, that (*supra,* p. 101), " When the proceeding has reached the status of a judgment appointing commissioners the preliminary stages have been passed and an appeal may well be deferred to await the final order ". Appellant cites, also, our decision in *Matter of Yaras* v. *Schenck* (285 App. Div. 1209, *supra*) as supporting a right of appeal. By that decision we by no means intended to chart the course of defendant's subsequent procedure or to infer that an appeal would, in our view, lie from a subsequent judgment, interlocutory in effect. On the contrary, in disagreeing with the contention that the remedy by appeal was inadequate, we remarked that it seemed to us unlikely that the city would move for possession of the premises without knowledge as to how much it might be required to pay for the property sought to be taken, and that, of course, would be determined only by the final order. The local law hereinbefore referred to had the effect of repealing the procedural provisions of the city charter but left unimpaired and unaffected the substantive provisions thereof (L. 1883, ch. 298, tit. XVII, § 1) whereby the power of eminent domain was delegated to the city. Accordingly, the necessity of a taking was a question for legislative determination. Appellant's contention to the contrary, upon which he bases an additional attack upon the jurisdiction, and, alternatively, an assertion that the burden of proof was not sustained, is therefore unavailing. His further claim that there was, in any event, an excessive taking, determined arbitrarily and not in good faith, does not go to the jurisdiction and could not now be heard, even if we should hold that an appeal on the ground of jurisdictional defects might properly be taken at this stage of the action. Appeal from the judgment dismissed, without costs, and without prejudice to appellant's right to a review of said judgment upon an appeal from the final order. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur. [See 2 A D 2d 609.]