(121 App. Div. 119)

## In re VILLAGE OF THERESA.

(Supreme Court, Appellate Division, Fourth Department. July 9, 1907.)

EMINENT DOMAIN—COSTS—TRIAL OF ISSUES—DETERMINATION OF VALUE.

Code Civ. Proc. § 3372, relating to condemnation proceedings, provides that plaintiffs may offer to purchase the property of a resident owner at a specified price, and if the offer is not accepted, and the compensation allowed by the commissioners exceeds the amount of the offer, with interest, the court shall, in the final order, direct that the defendant recover the costs of the proceedings. It also provides that, if a trial is had and all the issues are determined in favor of the plaintiff, plaintiff shall recover, of any defendant answering, the costs of such trial caused by the interposition of the unsuccessful defense. In a certain case where an offer had been made, a defendant who answered in opposition to the condemnation was unsuccessful upon the trial of the issues raised, but the commissioners allowed him more than the offer. *Held,* that the petitioner was entitled to costs on the trial of the issues before

the court, and the defendant to costs in the proceedings before the commissioners.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 690.]

McLennan, P. J., dissenting.

Appeal from Special Term, Jefferson County.

Condemnation proceedings by the village of Theresa against Fred L. Santway. There was a judgment of condemnation, and from orders denying a motion to amend the judgment as to costs, and awarding costs against petitioner, and denying a motion to retax costs, petitioner appeals. Reversed in part.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

G. S. McCartin and John N. Carlisle, for appellant.
Joseph Atwell, for respondent.

KRUSE, J. The sole question presented by this appeal is which of the parties, if either, is entitled to costs of the proceeding. The village of Theresa, by its electric light commissioners, desiring to acquire certain real estate, situate in said village, owned by the defendants, made its petition in the usual form, serving a copy thereof upon the defendants, with the usual notice of motion. The defendant, Fred L. Santway, appeared at Special Term pursuant to said notice, and filed an answer denying many of the material allegations of the petition, and alleging affirmatively, among other things, that the public use did not require the condemnation of the real property. Among other allegations contained in the petition was the statement that the village, through its commissioners, had offered the defendant, Fred L. Santway, $550 for his undivided interest in the premises. The issues thus raised by the answer to the petition were tried at the Jefferson county Special Term in May, 1906. The trial justice made his decision in writing, making findings of fact and directing judgment of condemnation, and appointing commissioners to ascertain the compensation to be made to the owners of the property. The decision states that the public use requires that the property should be condemned for the use of the village in connection with its electric light plant; that the village has been unable to agree with the owners of the property for its purchase, and that an offer was made, but refused by the defendant, Fred L. Santway. The commissioner appraised the interest of Fred L. Santway and his wife, which included the water rights, at $590, awarding to the wife for her inchoate right of dower, $95. Upon the coming in of that report a motion was made to confirm the same, and at the same time a motion was made by the petitioner, the village of Theresa, to modify the judgment of condemnation so as to allow costs to it. That motion was denied, and the commissioner's report was confirmed, and costs awarded to the defendants. From that order, so far as it denies costs to the village and awards costs to the defendants, the village appealed as has been stated. Thereupon a full bill of costs was taxed by the clerk in favor of the defendant, Fred L. Santway, and against the objection of the village.

The motion of the petitioner for retaxation was denied at Special Term, and from an order entered thereupon the village also appeals.

The question presented must be determined by the provisions of sections 3369 and 3372 of the Code of Civil Procedure, which relate to costs in proceedings for the condemnation of real property. Condemnation proceedings are instituted by the presentation of a petition by the plaintiff, to the Supreme Court, setting forth certain facts which are therein specifically stated. Code Civ. Proc. § 3360. The owner may appear and interpose an answer, which must contain a general or specific denial of each material allegation of the petition controverted by him, or of any knowledge or information thereof sufficient to form a belief, or a statement of new matter constituting a defense to the proceeding. Section 3365. The issues thus raised by the petition and answer are directed to be tried by the court or referee. Section 3367. Section 3369 provides that judgment shall be entered pursuant to the direction of the court or referee in the decision filed. If in favor of the defendant, the petition shall be dismissed, with costs, to be taxed by the clerk at the same rates as are allowed, of course, to a defendant prevailing in an action in the Supreme Court, including the allowances for proceedings before and after notice, of trial. If the decision is in favor of the plaintiff, or if no answer has been interposed, and it appears from the petition that he is entitled to the relief demanded, a judgment is entered adjudging condemnation of the real property and appointing commissioners. Section 3372 provides that, in all cases where the owner is a resident and not under legal disability to convey title to real property, the plaintiff, before service of his petition and notice, may make a written offer to purchase the property at a specified price, which offer must be filed within the time and as therein provided, and the owner may serve notice in writing of his acceptance of the plaintiff's offer. Thereupon the plaintiff may, upon filing the petition, with proof of the making of the offer and acceptance, enter an order that upon payment of the compensation he may enter into possession of the property, and take and hold it for the public use therein specified. It then provides as follows:

"If the offer is not accepted, and the compensation awarded by the commissioners does not exceed the amount of the offer with interest from the time it was made, no costs shall be allowed to either party. If the compensation awarded shall exceed the amount of the offer with interest from the time it was made. or if no offer was made, the court shall, in the final order, direct that the defendant recover of the plaintiff the costs of the proceedings, to be taxed by the clerk at the same rate as is allowed, of course, to the defendant when he is the prevailing party in an action in the Supreme Court, including the allowances for proceedings before and after notice of trial and the court may also grant an additional allowance of costs, not exceeding five per centum upon the amount awarded."

Then follows a provision regarding payment to general or specific guardians, or compensation to an attorney appointed to attend to the interests of defendants who have not been personally served, and concludes with the following provision:

"If a trial has been had, and all the issues determined in favor of the plaintiff, costs of the trial shall not be allowed to the defendant, but the plaintiff shall recover of any defendant answering the costs of such trial

caused by the interposition of the unsuccessful defense, to be taxed by the clerk at the same rate as is allowed to the prevailing party for the trial of an action in the Supreme Court."

As has been stated the defendants were personally served, they were residents, and an offer was duly made to purchase, which the defendants did not accept. They interposed an answer, and were beaten upon the trial of the issues tried before the court, but succeeded in obtaining a more favorable award before the commissioners than that offered by the petitioner. We think that both parties are entitled to costs; the petitioner the costs of the trial of the issues before the court, and the defendant to a full bill of costs for the proceedings before the commissioners. It seems clear to us, in a case like this, where both parties succeeded, the petitioner upon the issues raised by the answer, and the defendant upon the proceedings before the commissioners, the two proceedings are to be regarded as separate and independent, as regards the question of costs. Such, we think, is the plain reading of the provisions of the statute, and manifestly fair to both parties.

The final order, so far as it denies costs to the petitioner, should be reversed, and the petitioner should be allowed costs of the trial of the issues before the court, to be taxed at the same rate as allowed to the prevailing party on a trial of an action in the Supreme Court, and the judgment modified accordingly. The defendant should also recover his costs against the petitioner for the proceedings before the commissioners, to be taxed at the same rate as is allowed, of course, to the defendant when he is the prevailing party in an action in the Supreme Court, including the allowances for proceedings before and after notice of trial, and an additional allowance of 5 per cent. upon the amount of the order; and the clerk should be directed to tax the costs of the respective parties accordingly. Neither party should recover costs upon this appeal against the other. All concur, except McLENNAN, P. J., who dissents.