Matter of the Application of RICHARD B. WILLIAMS, JR., Commissioner of Public Works of the City of Syracuse, for the Appointment of Commissioners of Condemnation in the Matter of Straightening the West Line of East Brighton Avenue, Opposite East Newell Street, in the City of Syracuse, N. Y.·

(Supreme Court, Onondaga Special Term, May, 1920.)

Fees — trial — attorneys — condemnation proceedings — Code Civ. Pro. § 3372.

Under section 3372 of the Code of Civil Procedure the attorneys for the different owners whose property is taken in the condemnation proceedings are entitled to a trial fee of thirty dollars as for a trial of an issue of fact and an additional ten dollars where the trial occupied more than two days.

· THIS is an application to confirm the report of commissioners in a proceeding to acquire title to the

Supreme Court, May, 1920.        [Vol. 112.

property rights of the owners, and the only matter in dispute is the question of whether the attorneys for the different owners are entitled, under the provisions of section 3372 of the Code of Civil Procedure, to a trial fee of thirty dollars as for a trial of an issue of fact and ten dollars as for a trial occupying more than two days. This proceeding was commenced by the service of a petition and the owners of the property affected did not serve any answer. The petitioner did not make or serve any offer. Evidence was produced before the commissioners as to the value of the land sought to be acquired and damage to the remaining property. The property owners appeared before the commissioners and offered evidence in regard to the value of the property. The commissioners made their report, which is now before this court for confirmation.

Edmund H. Lewis, corporation counsel, for petitioner.

Wiles, Neily & Nichols, for defendant Pasquale DiFuria.

Merry & Merry, for defendant Ida B. Hubbard.

Ross, J. Upon examination of section 3372, it seems to me somewhat strange that any question should ever have arisen in regard to the right of the land owners in a case similar to this to tax the items heretofore mentioned. The section referred to provides as to the procedure in a case wherein the petitioner makes an offer to purchase the property, and as to the effect of such offer on the question of costs, whether accepted or not accepted. It then provides for the situation herein presented in the following language: " or if no offer was made, the court shall, in the final order,

direct that the defendant recover of the plaintiff the cost of the proceeding, to be taxed by the clerk at the same rate as is allowed, of course, to the defendant when he is the prevailing party in an action in the supreme court, including the allowances for proceedings, before and after notice of trial, and the court may also grant an additional allowance of costs, not exceeding five per centum upon the amount awarded.''

It is not a question as to whether technically such hearing before the commissioners was a trial or an assessment of damages. The Code, as it seems to me, has specifically provided that the defendant, in the case herein presented, is entitled to the costs claimed, but if it were necessary, I would have no hesitation in deciding that there was in fact a trial. Suppose the case of an offer being made and declined. The evidence presented to the commissioners in no wise differs from the evidence presented when no offer is made. The only issue of fact in these cases presented is the question of the value of the property sought to be condemned, and it is a matter of common knowledge that such an issue may be a most important one. It may involve a difference of a value amounting to thousands of dollars, to be determined by the commissioners, and requires as careful preparation and as thorough consideration as the determination of the issues raised by a general denial in the ordinary commercial case, or an issue raised by a plea of payment.

I quote in this connection from the dissenting opinion of Justice Kellogg, in *Village of St. Johnsville* v. *Cronk*, 55 App. Div. 633. The facts in this case were similar to the facts in the instant case. I quote the following language of the learned justice: `` It seems to me very clear that the Legislature here intended, when the plaintiff failed to make any offer, or failed to make a sufficient offer, thus necessitating the creation of a

tribunal, to wit, a court presided over by commissioners, to hear the proofs and arguments and to give judgment, which might be appealed from, that this was to be regarded as a trial." *Matter of Brooklyn Union El. R. R. Co.,* 176 N. Y. 213, 218, which case approves of the dissenting opinion of Mr. Justice Kellogg, above quoted, and disapproves of the decision in the case in which it was written.

As stated by one of the attorneys appearing for defendants, section 3372 of the Code " opens up a way for the city to avoid costs of a trial by making a fair offer for the property before trial is had. The fact that the city does not see fit to avail itself of this privilege, and, therefore, offers no opportunity or alternative to the property owner except to appear and contest the issues cannot be availed of by the city to prevent the full allowance of costs as intended by the statute." An order may be prepared in accordance herewith.

Ordered accordingly.