In the Matter of the Application of the COUNTY OF WESTCHESTER, by WESTCHESTER COUNTY PARK COMMISSION, Respondent, to Acquire Title to Lands of WILLIAM BARUCH et al., Defendants, and FRED H. PONTY, Appellant.

Condemnation proceedings — costs — provision in subdivision 2 of section 16 of Condemnation Law covers all costs and allowances that may be awarded — extra allowance not limited by sections 1513 and 1514 of Civil Practice Act — amount in discretion of court up to five per cent — allowance figured on award not on award plus interest.

1. Subdivision 2 of section 16 of the Condemnation Law (Cons. Laws, ch. 73), providing for costs and additional allowances in condemnation proceedings, covers all the costs and allowances which may be awarded under the circumstances stated, and the five per cent additional allowance which may be granted in the discretion of the court is not limited by sections 1513 and 1514 of the Civil Practice Act.

2. The court is not obliged to give an additional allowance, or if

it make an allowance, need it be the full five per centum. In no instance can it exceed five per centum but it may be less or nothing at all in the discretion of the court which is to be exercised according to the circumstances. When it is given, however, the allowance is to be figured upon the award and not upon the award plus the interest.

*Matter of County of Westchester* v. *Baruch*, 222 App. Div. 691, reversed.

(Argued February 13, 1928; decided February 21, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 18, 1927, which modified and affirmed as modified so much of an order of Special Term as granted an extra allowance in condemnation proceedings.

*Arthur I. Strang* for appellant. The limitation of $2,000 contained in section 1514 of the Civil Practice Act has no application and is not a restriction upon the power of the court granted to it by section 16 of the Condemnation Law. (*Matter of Lake Shore & M. S. Ry. Co.*, 65 Hun, 538; *Matter of Grade Crossing Commrs.*, 20 App. Div. 271; *Matter of Simmons*, 208 N. Y. 69; *Matter of City of Brooklyn*, 10 Misc. Rep. 650; 148 N. Y. 107; *Matter of People* v. *Johnson & Co.*, 219 App. Div. 285; 245 N. Y. 627; *Matter of Brooklyn*, 148 N. Y. 107.) The allowance granted should be computed on the award inclusive of the interest. (*Matter of N. Y. Municipal Ry. Corp.* v. *Holliday*, 189 App. Div. 814; 228 N. Y. 561; *Matter of City of New York* (*Westchester Ave.*), 217 App. Div. 381; *Matter of Bronx Parkway Comm.*, 191 App. Div. 387; *Matter of Commissioners of Palisade Interstate Park*, 172 App. Div. 634; *Matter of Simmons*, 208 N. Y. 69.)

*Henry R. Barrett, Charles H. Peck* and *Francis J. Morgan* for respondent. The power to grant an extra allowance in such a case is limited to $2,000. (*Matter of City of Brooklyn*, 148 N. Y. 110; *County of Erie* v. *Friedenberg*, 221 N. Y. 395.) The allowance granted must be computed on the award exclusive of interest. (*Matter of Bronx Parkway Comm.*, 191 App. Div. 387; *Matter of Palisades Interstate Park*, 172 App. Div. 643;

*Matter of Trustees, etc.*, 137 N. Y. 95; *Matter of Bd. of Water Supply*, 75 Misc. Rep. 150; *Matter of City of New York (Westchester Ave.)*, 217 App. Div. 381.)

Per Curiam. Subdivision 2, section 16 of the Condemnation Law (Cons. Laws, chap. 73) provides for costs and additional allowance in condemnation proceedings. It is headed: " Offer to purchase; costs; additional allowance."

It reads: " * * * If the compensation awarded shall exceed the amount of the offer with interest from the time it was made, or if no offer was made, the court shall, in the final order, direct that the defendant recover of the plaintiff the cost of the proceeding, to be taxed by the clerk at the same rate as is allowed, of course, to the defendant when he is the prevailing party in an action in the supreme court, including the allowances for proceedings, before and after notice of trial, and the court may also grant an additional allowance of costs, not exceeding five per centum upon the amount awarded."

This provision covers all the costs and allowances which may be awarded under the circumstances stated. The five per cent additional allowance which may be granted in the discretion of the court is not limited by sections 1513 and 1514 of the Civil Practice Act. (*Matter of Simmons*, 208 N. Y. 69.) The costs of the proceeding are limited to the rate allowed the defendant in an action in the Supreme Court. Here is a specific reference to the Code provision which fixes costs. In no other way can the amount 'be determined. As to the additional allowance, however, no reference is made to proceedings in the Supreme Court or to the Civil Practice Act or any other provision of law. The limitation is " not exceeding five per centum upon the amount awarded." While uniformity in practice may be desirable it cannot be accomplished through the courts in the face of positive legislation. (See *Matter of Scherrer*, 206 App. Div. 734; *Matter of People* v. *Johnson & Co.*, 219 App. Div. 285; *Matter of City of Rochester* v. *Cohen*, 246 N. Y. 551.)

The court is not obliged to give an additional allowance, or if it make an allowance, need it be the full five per centum. In no instance can it exceed five per centum but it may be less or nothing at all in the discretion of the court which is to be exercised according to the circumstances. When it is given, however, the allowance is to be figured upon the award and not upon the award plus the interest.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.