Daniel J. O’Mara, J.
In this condemnation proceeding the defendant by her answer to the plaintiff’s petition raised certain issues which were tried at a Special Term of this court and which were resolved in favor of the plaintiff.
Prior to the commencement of the condemnation proceedings the plaintiff made an offer to purchase the defendant’s property which was refused. The condemnation commission awarded to the defendant a sum in excess of the plaintiff’s offer and the commission’s report has been confirmed by this court and without reference to the question of costs for either party.
It goes without saying that the defendant is not entitled to an extra ‘allowance unless she is entitled to costs that are authorized pursuant to subdivision 2 of section 16 of the Condemnation Law. In view of the fact that the compensation awarded the defendant exceeded the amount of plaintiff’s offer, the defendant is entitled to the costs authorized by subdivision 2 of section 16 of the Condemnation Law, and in the exercise of discretion *713 and having in mind the extent of the condemnation proceedings, an additional allowance of 5% of the amount of the compensation awarded by the condemnation commission is hereby granted to the defendant.
The plaintiff, having been successful in the trial of the issues and which resulted in the order of June 15, 1958, is entitled to the costs authorized by the last sentence of subdivision 2 of section 16 of the Condemnation Law.
For authorities to substantiate the determinations herein reached see subdivision 2 of section 16 of the Condemnation Law; Matter of Brooklyn Union El. R. R. Co. (176 N. Y. 213); Matter of Village of Port Chester (279 App. Div. 941); Matter of Village of Theresa (121 App. Div. 119) and Matter of Williams (112 Misc. 153).
The order confirming the report of the commissioners of condemnation is hereby ordered amended in order to conform with the conclusions herein contained with reference to costs and extra allowance.
Submit order accordingly.