## DADE COUNTY BOARD OF PUBLIC INSTRUCTION v. BALDWIN, et al.
### No. 61-L-2838.

Circuit Court, Dade County.

October 17, 1962.

George C. Bolles of Bolles & Prunty, Miami, for petitioner.

John P. Grier, Miami, for defendants.

HAL P. DEKLE, Circuit Judge.

On the landowners' application for taxation of costs in eminent domain proceedings, the condemnor raises the following two basic questions — (1) *May the landowner recover from the condemnor for costs expended in an unsuccessful hearing before the court prior to jury trial on valuation, contesting condemnor's right of taking?* (2) *May the landowner and his tenant tax against the condemnor, costs incurred in a subsequent hearing before the court on apportionment of the amount which the jury has fixed as the full value of the property?* Yes, to both questions.

The condemnor seeks to apply the basic cost statute, §58.04, Florida Statutes, allowing recovery of costs only to the party recovering the judgment, and thus argues that the landowner not having been successful in his contest of the taking is not entitled to recover costs expended in that part of the proceedings. If this provision were applied in eminent domain then a landowner would not recover at all because, of course, it is the condemning authority as petitioner who "recovers the judgment" and yet costs have been consistently allowed to the landowner though he suffered a judgment against him.

Section 73.16, Florida Statutes, especially enacted for condemnation proceedings, is the one to which we must look in the taxation of costs, and the provision of this statute is that — "All costs of *proceedings* shall be paid by the petitioner, * * *." (Italics added.) Though there be several steps in the "proceedings", all such steps are a part of the total proceedings culminating in a final decree by which the petitioner takes the land and the landowner is compensated.

The same analysis applies to question two with respect to the condemnor's contention that costs on a separate apportionment hearing before the court are not recoverable. This "two-step" approach has now been provided by the legislature in §73.12, making it mandatory that the court determine in a subsequent hearing the respective rights of owners, lessees and others named in the statute. Such provision that the jury assess only the value of the whole was apparently for the benefit of the condemnor in

order to avoid the likelihood that a jury might assess a greater amount in separate parts than they would for a whole. The condemnor can hardly then be heard to complain that additional costs to which a landowner is put in such required separate proceedings is not taxable. The award of attorney's fees in the jury trial includes services for such subsequent apportionment yet to be rendered, and the other costs derived from the same statute should be no different.

Orange State Oil Co. v. Jacksonville Expressway Authority, Fla. App. 1st Dist., 143 So.2d 892, expressly allowed the recovery of costs incident to the supplemental proceedings. This case speaks of "the proceedings" as contemplating the two stages and refers to the statute as providing for a recovery of all costs of *proceedings* and holds — " . . . it applies to all such necessary costs as may be incurred by the parties in procuring a final adjudication of their rights, irrespective of whether such costs are incurred during the first or second stage of the proceedings contemplated by the statute."

It is by this same analogy that this court now also holds that the preliminary contest of the right of taking is a further "step in the proceedings" to determine the rights of the parties and that it is fairly contemplated by the statute, and costs thereby reasonably and necessarily incurred are recoverable whether the landowner prevails in his contention against the taking or not, provided such contest is raised in good faith. Certainly a landowner, if in good faith, is entitled to contest the right of eminent domain, if there is reasonable ground to do so, and he should not be deterred in this right to put it to a test before the courts by the expensive gamble of costs involved in doing so.

There is a further argument in this connection suggested by the condemnor, to the effect that to allow costs for an unsuccessful — "attempt to thwart the sovereign exercise of its power of eminent domain would be to put a hammer in the hand of the landowner to hold over the condemnor's head to demand a price higher than the just value of his property by threatening to heap additional costs upon the condemning authority by asserting an unsuccessful defense contesting the necessity of the taking". This is answered by the holding here that costs are awarded only if such defense is in good faith, which should be a fair deterrent to any such misuse of the contest of taking.

The whole theory of costs applied in eminent domain in Florida has been to make whole the landowner and the holdings are consistent with this position. Typical of this is the expression of the Supreme Court of Florida in Dade County v. Brigham, 47 So.2d 602, 604 — "Freedom to own and hold property is a valued and

guarded right under our government. Full compensation is guaranteed by the constitution to those whose property is divested from them by eminent domain. *The theory and purpose of that guaranty is that the owner shall be made whole so far as possible and practicable.*" (Italics added.)

The condemnor cites respectable authority that costs are not recoverable for an unsuccessful contest of taking. The difference would seem to be our statute on costs, §73.16, and the interpretations and holdings thereunder consistently through the years by our courts, of which the last mentioned quotation is typical. It is also to be noted that our statute uses the terminology — "All costs of proceedings shall be paid by the petitioner".

The condemnor refers to Nichols on Eminent Domain, 3rd Ed., §§4.109, 8.64. These sections, however, take note of the qualification " * * but if the statute specifically provides that the owner shall be reimbursed for all his expenses, no constitutional right of the condemnor is violated * * " §§4.11, 8.64, supra.

In re Village of Theresa (Sup. Ct., N.Y., 1907), 121 App. Div. 119, 105 N.Y. Supp. 568, Anno. 70 A.L.R. 2d 812, disallowing costs to the landowner upon an adverse decision on contest of taking, turns on the express statute set forth in the opinion that such shall be the case. The condemnor recognizes in its brief a statutory distinction but cites the case as authority for the statement in that opinion that — " * * The two proceedings are to be regarded as separate and independent as regards the question of costs". This likewise emanates from the provision of the statute itself which draws that distinction and allows a finding for costs dependent upon the success or not of the contest of taking.

Arkansas State Highway Commission v. Union Planters National Bank (Ark. 1960), 334 S.W.2d 879, cited in the condemnor's brief, only sets forth the reference to Nichols, supra, which has already been distinguished on the basis of our statute.

The condemnor also suggests that the single exception in the statute, §73.16, denying costs to a condemnee on an unsuccessful appeal, indicates that in order to be entitled to recover costs the condemnee must prevail. This would really seem to indicate the opposite, that is, that this being the only exception, in all other proceedings the condemnee is entitled to a recovery of all taxable costs.

It is ordered, accordingly, that defendants are entitled to recover costs both on the contest of necessity of the taking in this cause, and on the supplemental proceedings for apportionment, which items of costs have been determined and taxed by separate order of even date.