Howard A. Zeller, J.
Plaintiff moves to confirm the report of the Commissioners of Appraisal herein awarding defendants $200,000 for commercial properties taken as a part of the urban renewal plan of the Binghamton Urban Renewal Agency. (Condemnation Law, § 13.)
Defendants cross-move for an order setting aside the report for alleged errors of law in the proceeding before the Commissioners, and upon the further ground that the award is insufficient. Alternatively, if the report of the Commissioners be confirmed by the court, defendants seek an order under section 16 of the Condemnation Law directing that defendants recover the costs of the proceeding to be taxed as of course, and further granting an additional allowance of costs of 5% on the total amount awarded by the Commissioners.
This proceeding was commenced by plaintiff by service on defendants of a notice of motion and petition returnable before this court asking for condemnation of defendants’ property and an order of immediate possession. By order dated and filed December 1, 1964, plaintiff was granted the right to condemn the property and to immediate possession. On February 15, 1965 plaintiff prepaid the sum of $100,800 pursuant to section 506 of the General Municipal Law. The total interest due on the prepaid sum was also paid defendants at this time. Hearings before the Commissioners were held intermittently from July, 1964 into May, 1965.
Unless there has been misconduct or palpable mistake by the Commissioners in arriving at a determination, their award should be confirmed. (Condemnation Law, § 15; Matter of City of Rochester [Smith St. Bridge], 234 App. Div. 583, 585.) From the transcript of the hearings and everything else presented on defendants’ behalf, it does not appear that the Commissioners’ award was grossly inconsistent with the evidence before them, or that any of the alleged errors of law or evidence worked real prejudice upon defendants’ cause.
The report of the Commissioners of Appraisal should be confirmed in all particulars, with credit to plaintiff for the sum prepaid and the interest thereon paid, with interest on the unpaid balance to defendants computed from December 1, 1964 and with statutory costs as of course.
The granting of additional costs in an amount up to 5% of the sum awarded in a condemnation proceeding is provided for by subdivision 2 of section 16 of the Condemnation Law, as follows: “ If the compensation awarded shall exceed the amount of the offer with interest from the time it "was made, or if no offer was made, the court shall, in the final order, direct that *432 the defendant recover of the plaintiff the cost of the proceeding * * * as is allowed, of course, to the defendant * * * -in an action in the supreme court * * * and the court may also grant an additional allowance of costs, not exceeding five per centum upon the amount awarded.”
The granting of additional costs is discretionary with the court (Matter of County of Westchester v. Baruch, 247 N. Y. 398, 401; Board of Educ. of City of Elmira v. Daly, 23 A D 2d 597), and both the allowance and the amount of additional costs, if granted, depend on the circumstances of each case. (Power Auth. of State of N. Y. v. Gold, 17 Misc 2d 454.) The general rule is that if defendant is entitled to ordinary costs, consideration then may be given by the court to the allowance of additional costs up to 5% of the final award made. (City of Geneva v. Sierzenga, 18 Misc 2d 712.)
"Under subdivision 3 of section 506 of the Q-eneral Municipal Law, a municipality may prepay 60% of the compensation its representative deems just. But, ‘ ‘ The making or acceptance of such offer or of such prepayment shall be without prejudice to the right of such owner or owners or the municipality to prosecute or defend * * * a claim for compensation.” Paragraph c of subdivision 3 of section 506 then provides for a cessation of interest on the amount so prepaid or tendered in prepayment.
Here, a single offer of $168,000 was made to defendants, who rejected it, and later $200,000 was awarded by Commissioners. Defendants meantime accepted a tendered prepayment of $100,800, being 60% of the plaintiff’s only offer.
Since the award made here does in fact exceed the offer with interest, defendants are entitled to ordinary costs allowed as of course in a Supreme Court action. By that token, this court further may consider granting ‘1 an additional allowance of costs, not exceeding five per centum upon the amount awarded.” (Condemnation Law, § 16, subd. 2.)
Plaintiff, City of Binghamton, contends first that this case has not been so difficult or extraordinary as to warrant the award of additional costs. Secondly, plaintiff argues that if any additional costs are allowed, their computation can only be made upon the unpaid balance of the award, here being the sum of $99,200. Plaintiff cites two cases to support its theory that prepayment of a portion of an award serves to limit the computation of the allowance of additional costs to the unpaid balance of the award.
The cited Supreme Court case, City of Peekskill v. Cole (N. Y. L. J., Aug. 19, 1965, p. 11, col. 4), is not authority neces *433 sarily for plaintiff’s point. While the court in the Peekskill case used the unpaid balance as the base for computing an award of an additional allowance, there is no declaration the court felt constrained to use just the unpaid balance in arriving. at its allowance. The utilization of the unpaid balance as a factor in the Peekskill case may be considered as part of the computational mechanics in granting an allowance less than the maximum which could have been awarded.
In the second case cited by plaintiff, Town of Greenburgh v. Cuff (N. Y. L. J., May 11, 1965, p. 20, col. 3), the Supreme Court there specifically stated that “ the additional allowance must be computed on the balance [unpaid]. (General Municipal Law, § 506.) ” This court does not agree that subdivision 3 of section 506 of the General Municipal Law limits the computation of additional costs as may be allowed under section 16 of the Condemnation Law to the balance of an award exceeding the tendered prepayment.
Section 16 clearly states that an additional allowance of costs may be made “ not exceeding five per centum upon the amount awarded ”, which means the total amount awarded by the Commissioners. The only limiting effect of subdivision 3 of section 506 upon any award or its concomitants is set out in paragraph c thereof providing for a termination of interest on the amount prepaid or tendered in prepayment. Finally, section 506 expressly states that any prepayment made or tendered shall not prejudice the owners in prosecuting their claim for compensation.
Any amount prepaid under section 506 is made in anticipation of the award to be made, does not constitute a proportionate or partial award by the mere act of prepayment, and cuts off the running of interest on the amount prepaid. It does not mention costs. Limitations on costs are provided for exclusively in section 16 of the Condemnation Law which also expressly states the circumstances under which costs as of course are to be allowed and under which an additional allowance may be made. (Matter of County of Westchester v. Baruch, 247 N. Y. 398, supra.)
The Commissioners’ award, properly arrived at, only establishes the fair value of the realty taken. The true purpose of allowing costs and additional costs then is to provide some indemnity to the landowner for his reasonable and necessary expenses in proving the fair value of the realty condemned. (Matter of City of New York, 125 App. Div. 219, affd. 192 N. Y. 569; Matter of City of Brooklyn, 148 N. Y. 107.). Defendants’ expenses in seeking a fair and reasonable award are not lessened *434 because of an offer or subsequent prepayment of a portion of the offer.
This proceeding involving three separate parcels is the first condemnation proceeding tried in connection with acquisition of property under an extensive urban renewal program in the City of Binghamton. All adversary aspects, both trial and motion, of the cause unquestionably were heightened by its status as a “ pilot case ”, with an impact in some respects extending beyond its resolution.
Hearings before the Commissioners extended off and on for 10 months. The transcribed minutes consist of 427 pages, and approximately 80 exhibits were presented by the parties. The commission itself spent the equivalent of 5 work weeks on the matter and the Chairman was engaged with it even further, according to the report. At least 10 witnesses, many of them experts, were called by the parties. The transcript, the pleadings and papers herein demonstrate the -thoroughness and diligence of the -attorneys and counsel for both parties in preparation for and prosecution of this involved matter.
It is concluded that section 16 of the Condemnation Law permits the court in its discretion in cases of this kind to allow additional costs to a prevailing defendant in any amount up to 5% of the total award. It is determined that defendants’ request for an additional cost allowance is warranted and it should be fixed at 5 % of the $200,000 award.