D. Vincent Cerrito, J.
Plaintiff-petitioner, Niagara Mohawk Power Corporation, hereinafter referred to as ‘1 petitioner ’ ’, moves to confirm the .reports of the Commissioners of Appraisal herein awarding the defendant-respondent, Anna Hajczewski, hereinafter referred to as “Hajczewski”, the sum of $2,500 and to confirm the report of the Commissioners of Appraisal herein awarding the defendants-respondents, Donald W. Klemme, Anna L. Klemme, and New York Sealed Storage, Inc., hereinafter referred to as “ Klemme ”, the sum of $5,175 for properties taken by the petitioner for public use as easements over the lands of Hajczewski and Klemme.
Hajczewski and Klemme both move to vacate the bills of cost filed against each of them by the petitioner.
There is no dispute as to the report of the Commissioners of Appraisal herein, as Hajczewski and Klemme agree with the petitioner that the report of the Commissioners of Appraisal herein be confirmed, provided, however, that they (Hajczewski and Klemme) are allowed an additional allowance of costs of 5% of the amounts awarded.
The proceeding between the petitioner and Hajczewski was commenced by the petitioner in this court before the late Mr. Justice Chables M. Hughes, who rendered a judgment of condemnation herein on the 5th day of October, 1965 and entered in the office of the Clerk of Montgomery County on the 13th day of October, 1965. Subsequent thereto, Chandler S. Knight, Esq., Charles S. Tracy, Esq., and H. Walton Barnett, Esq., were duly appointed as Commissioners of Appraisal to inquire and determine the just compensation to be paid to Hajczewski under said judgment.
The proceeding involving Klemme and the petitioner was also commenced by the petitioner in this court before the late Mr. Justice Chables M. Hughes, who rendered a judgment of condemnation herein on the 28th day of September, 1965 and entered in the office of the Clerk of Montgomery County on the 13th day of October, 1965, and subsequently appointed the same Commissioners of Appraisal as were appointed in the Hajczewski condemnation to inquire and determine the just compensation to be paid to the said Klemme, under said judgment.
In the two above-entitled proceedings, the real properties owned by Hajczewski and Klemme, respectively, were located in Montgomery County, New York. In both cases, petitioner sought to acquire by eminent domain, easements across those properties for the erection and maintenance of a power line.
*21 In both cases, Hajczewski and Klemme interposed answers denying the right of the petitioner to maintain the condemnation proceedings. As stated above, at a trial held before the late Mr. Justice Hughes the petitioner’s right to condemn the easements sought to be acquired resulted in judgments in favor of the petitioner in both cases.
In both cases the petitioner caused costs to be taxed, but now withdraws certain disbursements for stenographer’s fees, which were improperly included by petitioner in the bill of costs.
It is the contention of Hajczewski and Klemme that the plaintiff was not successful on all of the issues on trial before Justice Hughes, as the value of the property was in issue and was not resolved at the trial. I find this to be without merit since section 13 of the Condemnation Law makes it mandatory that the question as to value be submitted to Commissioners to ascertain the compensation to be made to the owners for the property to be taken for the public use specified in the petition. Therefore, the question of value was not for the court, but for the Commissioners of Appraisal. After a trial wherein a court holds that the real properties in question are necessary for the public use, and after the awards are made by the Commissioners, then, of course, the court must either confirm or reject such awards.
In the two cases before me, I find that the petitioner was successful in the trial of the issues which resulted in the judgments of condemnations, as hereinabove stated, which entitles the petitioner to the costs authorized by the last sentence of subdivision 2 of section 16 of the Condemnation Law. (See Matter of Village of Theresa, 121 App. Div. 119; City of Geneva v. Sierzenga, 18 Misc 2d 712.)
Prior to the commencement of both the condemnation proceedings herein, as evidenced by petitioner’s affidavit with respect to both properties, and as set forth in each of the petitions in each of the two cases involved herein, petitioner made an offer to Hajczewski and to Klemme as compensation for the easements sought across Hajczewski’s and Klemme’s property, which was refused. Although the said affidavits accompanying the respective petitions did not set forth the amount of the respective offers, the petition in the Hajczewski case quotes a figure of $1,275 and the petition in the Klemme case quotes a figure in the amount of $2,100. In each instance, the condemnation commission awarded to Hajczewski and to Klemme sums in excess of the petitioner’s offer.
In view of the fact that the compensation awarded Hajczewski and Klemme exceeded the amount of the petitioner’s offer, Hajczewski and Klemme are entitled to the costs authorized by *22 subdivision 2 of section 16 of the Condemnation Law. In addition, again, pursuant to subdivision 2 of section 16 of the Condemnation Law, and in the exercise of my discretion, an additional allowance of 5% of the amount of compensation awarded Hajczewski and an additional allowance of 5% of the amount of the compensation awarded Klemme should be granted, due to the protracted proceedings. (See Board of Educ. v. Daly, 23 A D 2d 597; Matter of Village of Theresa, supra, p. 122; City of Binghamton v. Chenango Enterprises, 48 Misc 2d 430; City of Geneva v. Sierzenga, supra.)
The motion to confirm the report of the Commissioners of Appraisals should and hereby is granted. The costs of the trials before the late Mr. Justice Hughes should and hereby are granted to the petitioner. Costs for the proceedings before the Commissioners of Appraisal, as well as the additional allowances of 5% of the amount of the respective compensations awarded by the Commissioners of Appraisal should and hereby are granted to both Hajczewski and Klemme.
I further direct that pursuant to section 17-a of the Condemnation Law the respective parties hereto prorate all real property taxes, water rents, sewer rents, and any other charges paid to a taxing entity by the owners of the real properties involved herein, subsequent to the vesting of title or surrender of possession, whichever occurred later.