Loren N. Brown, J.
Defendants move, by order to show cause dated December 5, 1975, for an order confirming the report of the commissioners of appraisal herein dated July 18, 1975, together with an allowance of appropriate interest on the award, costs and disbursements, as well as an extra allowance of costs in the amount of 5%. In addition, defendants move for an order directing plaintiff to reimburse defendants for the expenses incurred by defendants in the amount of $1,075 as a taxable disbursement incurred in payment of a real estate expert called by them.
The only issue to be resolved by the court is the application for reimbursement to defendants of the fees and disbursements paid for the expert testimony in the amount of $1,075. Whether or not such fees and disbursements are taxable as costs herein is subject to extensive debate.
*160 The plaintiff relies on the recent cases of Van Patten v Sylvia (76 Misc 2d 899) and Hempstead Bank v Ryan (42 AD2d 779), and asserts that these decisions preclude the court in the instant case from allowing the cost of expert testimony in the taxation of costs under CPLR 8301. Defendants, on the other hand, rely on the case of the City of Buffalo v Clement Co. (41 AD2d 41), wherein the court allowed the taxation and costs to include fees and disbursements paid for expert testimony. The cases relied upon by the plaintiff consist of a personal injury action and a mortgage foreclosure action; the instant case is a condemnation proceeding, as is the case relied upon by defendants.
Justice Amyot in deciding the Van Patten case, a personal injury claim, stated as follows (p 901): "The wisdom of this rule is recognized when one considers the awesome fear which would dominate the thinking of the average working man who contemplated a suit against a giant corporation, if the cost of the defendant’s experts brought from around the globe could be saddled on the injured indigent should he be unsuccessful in his contest with the unlimited talent and. inexhaustible defense fund of the conglomerate defendant and its indemnitor.”
However, such policy considerations do not apply to the defendants in a condemnation proceeding.
The court finds two distinct, yet, related grounds for allowing the relief prayed for in the instant case:
First, CPLR 8301 (subd [a], par 12) authorizes the court, in its discretion, to allow reasonable and necessary expenses. Condemnation proceedings should be distinguished from other actions wherein witnesses’ fees are statutorily determined. A defendant in a condemnation proceeding is necessarily compelled to accept the offer made by the plaintiff or is put to the expense of hiring an expert witness who can appraise the subject property. The defendant in such circumstances is often required by circumstances to litigate to dispute a low estimate made by plaintiff’s appraisers. In such circumstances, wherein it has been established that the appraisals were low, this court believes it would be inequitable to deny a defendant the costs of his defense.
Second, article I (§ 7, subd [a]) of the Constitution of New York State mandates that "Private property shall not be taken for public use without just compensation.” In Matter of the City of New York (Town of Hempstead) (125 App Div 219, *161 222) Justice Woodward wrote as follows: "The Constitution (Art. 1, § 6) requires that private property shall not be taken for public purposes except upon the payment of 'just compensation’, and a man who is forced into court, where he owes no obligation to the party moving against him, cannot be said to have received 'just compensation’ for his property if he is put to an expense appreciably important to establish the value of his property. He does not want to sell; the property is taken from him through the exertion of the high powers of the State, and the spirit of the Constitution clearly requires that he shall not be thus compelled to part with what belongs to him without the payment, not alone of the abstract value of the property, but of all the necessary expenses incurred in fixing that value. This would seem to be dictated by sound morals as well as by the spirit of the Constitution, and it will not be presumed that the Legislature has intended to deprive the owner of property of the full protection which belongs to him as a matter of right.”
The constitutional imperative distinguishes condemnation cases from personal injury and mortgage foreclosure cases and furnishes a compelling justification for this court to exercise its discretion in favor of a defendant in a condemnation proceeding to allow the fees and disbursements necessarily paid to an expert witness.
The request to add to the costs as a taxable disbursement the fees and disbursements paid to the expert witness herein is granted.