◼ In the Matter of ONEONTA URBAN RENEWAL AGENCY, Appellant-Respondent, v W. H. H. REALTY CORPORATION, Respondent-Appellant, et al., Defendants.—Cross appeals from an order of the Supreme Court at Special Term, entered January 19, 1976 in Otsego County, which confirmed a report of commissioners of appraisal awarding $266,000 to defendant and excluding interest on the award from September 11, 1974 to May 13, 1975, but awarding an additional allowance of 5% on the amount of the award that exceeds $167,000. The defendants owned contiguous parcels in the City of Oneonta. The premises had frontage on Main Street, South Main Street and Broad Street. On June 20, 1974 the plaintiff by court order condemned the portion known as 27-41 Broad Street and having frontage of about 151 feet on Broad and South Main Streets and being about 200 feet in depth. The entire parcel was leased to Sears, Roebuck and Company (Sears) and on the premises condemned was located the building used by Sears as a warehouse and automotive repair center as well as for additional selling space. Also located on the premises appropriated was parking space for the tenant's operation. The plaintiff valued the condemned premises as if they were separate premises from the entire parcel and, accordingly, showed no

consequential damages. However, the record establishes that there was a unity of use as to all segments of the parcel and the commissioners of appraisal quite correctly rejected the opinion of the plaintiff's expert as to value. The plaintiff contends that as a matter of law the appraisal evidence offered by the defendant was so deficient as not to support the award of the commissioners. The defendant used several methods to value the property on both a before and after appropriation basis. One of the methods which was particularly appropriate to the present situation was the income approach and the plaintiff has not established any error in regard to that method which resulted in a before value of about $492,000. The record establishes that the highest and best use of the entire parcel was not changed by the condemnation. The defendant's appraiser found an after value using the income method of about $230,400 for total damages of about $261,600. The expert's opinion of damages was a total of $280,000 and based upon the inherent factual matters involved in the use of the income method it cannot be said that the award of $266,000 by the commissioners is such a deviation from the proof as to require a new hearing or a remittal for further findings (see *New York State Elec. & Gas Corp. v Hotel Gibber,* 28 AD2d 1042; cf. *Weiner v State of New York,* 48 AD2d 440). Accordingly, the amount of the commissioners' award must be affirmed. The defendant contends that the Special Term erred in excluding interest on the award from September 11, 1974 to May 13, 1975. Chapter 967 (§ 1, subd 1) of the Laws of 1971 requires that interest in this case be paid from the date of vesting of title which was June 20, 1974. The defendant also contends that the Special Term erred in excluding an additional allowance on the first $167,000 of the award, said amount being the same as was offered the defendant for the property by the plaintiff. Pursuant to subdivision 2 of section 16 of the Condemnation Law the Special Term in a case such as the present one "may also grant an additional allowance of costs, not exceeding five per centum upon the *amount awarded"*. (Emphasis supplied.) This additional allowance was construed in the case of *Matter of County of Westchester v Baruch* (247 NY 398, 401) as authorizing any amount up to 5% in the discretion of the court. In the case of *Matter of Dodge v Tierney* (40 AD2d 936) the court found that where the Special Term had granted an additional allowance less than 5% upon an erroneous factual consideration, the full amount of 5% could be awarded upon appeal. In the present case the fact that the claimant could have received the sum of $167,000 without legal proceedings is immaterial to the determination of an additional allowance and the finding is error as a matter of law as the section provided that the amount of an additional award, if any, should be upon the *amount awarded.* It is not for this court to say what the amount should be and, accordingly, that part of the order which granted the additional allowance is reversed and the matter remitted to Special Term to decide what percentage, if any, should be allowed upon the *amount awarded.* Order modified, on the law and the facts, by deleting so much thereof as excludes interest for the period of September 11, 1974 to May 13, 1975 and reversing so much thereof as granted an additional allowance, and matter remitted to Special Term for further proceedings not inconsistent herewith, and, as so modified, affirmed, with costs. Settle order. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.