■ WHITE PLAINS URBAN RENEWAL AGENCY, Appellant, v MEYER TENCER et al., Respondents, et al., Defendants.—In a condemnation proceeding, in which respondents moved, *inter alia,* to confirm the report of the Commissioners of Appraisal and for an allowance for costs and disbursements, including an amount for an expert witness and an extra allowance of 5% upon the award fixed by the commissioners in their report, the White Plains Urban Renewal Agency appeals from so much of an order and judgment (one paper) of the Supreme Court, Westchester County, dated November 17, 1976, as directed it to pay respondents $6,500 for the fee of an expert witness. Order and judgment reversed insofar as appealed from, on the law, without costs or disbursements, so much of the judgment as directed appellant to pay a taxable disbursement of $6,500 as a fee for an expert witness is deleted therefrom, and the proceeding is remitted to the Special Term for entry of an appropriate amended order and judgment. The question presented is whether, in a condemnation proceeding, an award for the fee of an expert witness is permissible pursuant to CPLR 8301 (subd [a], par 12), where an additional allowance of 5% of the award is also directed

pursuant to subdivision 2 of section 16 of the Condemnation Law. We conclude that in a condemnation proceeding commenced under the Condemnation Law the fee of an expert witness is not a permissible taxable disbursement and that the additional allowance that may be awarded in the court's discretion, up to 5%, is intended as reimbursement for such a fee. Costs or allowances for expenses in legal proceedings depend upon statute (*Matter of City of Brooklyn [Long Is. Water Supply Co.]*, 148 NY 107, 109). As respondents concede, the fee of an expert witness is not a usual taxable disbursement (see, e.g., *Hempstead Bank v Ryan*, 42 AD2d 779; *Cooper v Dubow*, 41 AD2d 843). This is also true in condemnation proceedings (*Matter of Ulster Sewer Improvement, Town of Ulster v Horowitz*, 54 AD2d 808). The court in *Janusz v Fallon* (61 Misc 2d 608, 611), in an action for property damages, reasoned that the words "by order of the court", added to CPLR 8301 (subd [a]) in what was otherwise a restatement of section 1518 of the Civil Practice Act, "give[s] to the court discretion in the proper case to allow * * * payments for expert witnesses." In our view, that provision of the CPLR is inapplicable in a condemnation proceeding brought under the Condemnation Law. The fee of an expert witness has been awarded in condemnation proceedings brought under a special statute, i.e., not instituted under the Condemnation Law. The special statute either specifically authorized such a disbursement (see *Matter of City of New York [Town of Hempstead]*, 125 App Div 219, affd 192 NY 569), or the statutory authorization for costs for "reasonable and necessary expenses" and disbursements (CPLR 8301, subd [a], par 12) was analogized to the extra allowance provided for in section 16 of the Condemnation Law (see *City of Yonkers v Zedler*, 118 NYS2d 70). The latter case indicates that the fee of an expert witness was made taxable in lieu of, or by analogy to, the additional allowance provision of section 16 of the Condemnation Law. In an early case, where a condemnation proceeding was instituted under a special statute that made no provision for costs, costs were permitted only to the extent provided under the Code of Civil Procedure for a special proceeding and no additional allowance was granted (*Matter of City of Brooklyn [Long Is. Water Supply Co.]*, 148 NY 107, *supra*). In the more recent condemnation case of *City of Buffalo v Clement Co.* (28 NY2d 241, modfg 34 AD2d 24), brought under a special statute where no provision was made for costs, the court held that statutory costs, as allowed by CPLR 8301, would be permitted; in addition, the court remanded the case for a new trial and for a determination, *inter alia*, of the applicability of CPLR 8303 (subd [a], par 2), which authorizes an additional allowance in the discretion of the court in "a difficult or extraordinary case" (pp 264-265). Upon the remand, so much of the trial court's judgment as awarded $3,000 in costs to defendant, pursuant to CPLR 8303, and granted it the right to tax the fees of its expert witnesses, was affirmed; a third trial was ordered as to the award itself (*City of Buffalo v Clement Co.*, 41 AD2d 41, 47). Some parties, such as these respondents and the defendants in *Mechanicville Urban Renewal Agency v Bruno* (85 Misc 2d 159, 160), the case upon which the Special Term relied herein, have mistakenly read *City of Buffalo v Clement Co.* (41 AD2d 41, *supra*) as permitting, in condemnation proceedings, both an additional percentage allowance and expert witness fees as a taxable disbursement. We note that in the *City of Buffalo* case all provisions for cost allowances had to be found outside the city charter authorizing the condemnation, to wit, under the CPLR. No provision for costs of any type was provided by the charter (*City of Buffalo v Clement Co.*, 28 NY2d 241, 263, *supra*). In addition to the costs the court permitted pursuant to CPLR 8301, $3,000 was allowed

as an additional discretionary allowance pursuant to CPLR 8303 (subd [a], par 2) and about $17,000 was permitted for additional costs *(City of Buffalo v Clement Co.,* 41 AD2d 41, upon appeal after remand 45 AD2d 620, 624, mot to dismiss app granted 36 NY2d 713). No additional allowance was permitted for the third trial. In such protracted proceedings, if the matter had been brought under the Condemnation Law it is likely that an additional 5% of the final award would have been granted. This would have been 5% of more than $2,000,000, or approximately $102,000. Instead, the additional allowance *and* the additional costs totaled about $20,000. In view of the marked discrepancy between the sum actually awarded as additional costs, including the allowance for the expert witnesses, and what would have been a permissible recovery under the Condemnation Law, we find that the *City of Buffalo v Clement Co. (supra)* case cannot be read as precedent for the award of both an additional 5% allowance and the recovery of expert witness fees in a proceeding where the provisions of subdivision 2 of section 16 of the Condemnation Law would apply. Finally, we shall consider two cases under the Condemnation Law which have allowed both an additional allowance and an expert witness' fee as a taxable disbursement. In *Matter of Studwell v Halsted* (62 Misc 330, affd 134 App Div 921), on a motion by defendant (1) to confirm a condemnation award of $295,000; (2) for an additional allowance of 5% *and* (3) for $3,000 as taxable costs for the fee of an expert witness, the Special Term granted 1% for additional costs ($2,950) and $400 for the expert witness; the decision was affirmed upon a rehearing. We do not read the case as authority for an additional allowance of the maximum 5% permissible (see Condemnation Law, § 16, subd 2), plus an award for the fee of an expert witness as a taxable disbursement. The total award in *Studwell* was well within the permissible statutory allowance of 5% (5% of the award would equal $14,750). In the second case, both a 5% additional allowance and an expert witness fee of $1,075 were granted *(Mechanicville Urban Renewal Agency v Bruno,* 85 Misc 2d 159, *supra).* As stated earlier, the *Mechanicville* court, in our opinion, misread the import of *City of Buffalo v Clement Co. (supra).* In addition, the two grounds advanced by the court in *Mechanicville* for its decision (pp 160-161) are, in our opinion, untenable. First, the court relied on the discretion for reasonable and necessary expenses permitted in CPLR 8301 (subd [a], par 12), in order that a defendant in a condemnation proceeding "[who] is put to the expense of hiring an expert witness" may be equitably reimbursed for the costs of his defense. This type of expense, we believe, is precisely that contemplated by the Legislature in the additional allowance percentage of the Condemnation Law, as section 16 thereof has been interpreted (see, e.g., *Matter of Dodge v Tierney,* 40 AD2d 936; *City of Binghamton v Chenango Enterprises,* 48 Misc 2d 430, 434). The second ground advanced is the constitutional mandate that private property may not be taken without just compensation (NY Const, art I, § 7, subd [a]). To illustrate the mandate, the Special Term in *Mechanicville* (85 Misc 2d 159, 161, *supra)* quoted from the opinion of Mr. Justice Woodward in *Matter of City of New York [Town of Hempstead]* (125 App Div 219, 222, affd 192 NY 569, *supra).* The quotation must be read in context. " 'Just compensation' " was mentioned as the guiding premise under which the court would view legislative enactments under which a condemnation proceeding was instituted. The petitioner challenged a charter provision that provided for an award of " 'costs, counsel fees, expenses and disbursements, including reasonable compensation for witnesses' ", to a condemnee pp 220-221), on the ground that the provision had been repealed by a later statute; the court

discussed the right of a condemnee to " 'just compensation' " and concluded that the above cost provision was extant "[because] it will not be presumed that the Legislature has intended to deprive the owner of property of the full protection which belongs to him as a matter of right" (p 222). "Just compensation", we believe, has been provided by the Legislature, in part, by the provisions of subdivision 2 of section 16 of the Condemnation Law which are, as here relevant, that "If the compensation awarded shall exceed the amount of the offer with interest from the time it was made [as in the present case] the court shall * * * direct that the defendant recover of the plaintiff the cost of the proceeding, to be taxed by the clerk at the same rate as is allowed, of course, to the defendant when he is the prevailing party in an action in the supreme court, including the allowances for proceedings, before and after notice of trial, and the court may also grant an additional allowance of costs, not exceeding five per centum upon the amount awarded." There is no warrant to resort to a further discretionary allowance for costs, such as CPLR 8301 (subd [a], par 12); what is provided in the Condemnation Law is what is permissible. Shapiro, J. P., Hawkins, Suozzi and Mollen, JJ., concur.