OPINION OF THE COURT
Robert E. White, J.
Respondent’s property was condemned under the Condemnation Law. Respondent was initially offered $7,500 for his property. This offer was amended to $8,400. Following trial, respondent was awarded $11,400.
Subsequent to the granting of the award, respondent applied to the court to grant him the 5% litigation allowance permitted under section 16 of the Condemnation Law. Petitioner did not oppose the motion. Respondent now requests the court to tax as costs the $1,800 expended on expert witness fees.
The question presented is whether a successful litigant *414 (respondent) in a condemnation proceeding should be awarded real estate expert fees in addition to the 5% litigation expense allowance.
Respondent relies upon City of Buffalo v Clement Co. (41 AD2d 41). This case is not controlling inasmuch as the Condemnation Law of New York State was not under review— and neither City of Yonkers v Zedler (118 NYS2d 70) nor Matter of Commissioner of Palisades Interstate Park (83 Misc 186) is authority for an interpretation of CPLR 8301 (subd [a], par 12) because these cases construe similar language, but in other condemnation statutes.
In Mechanicville Urban Renewal Agency v Bruno (85 Misc 2d 159) the court allowed expert fees to be recovered as costs. That court incorrectly relied on Matter of City of New York (Town of Hempstead) (125 App Div 219), in that in the Hempstead case, the expert fees were awarded pursuant to express statutory authority. Further, the rationale of Mechanicville was specifically rejected by the Third Department in County of Sullivan v Emden (59 AD2d 957).
The Condemnation Law does not specifically permit the taxing of expert fees as costs (Condemnation Law, § 16; CPLR 8301, subd [a]), but does allow an award of up to 5% of the final award to compensate the property owner for his litigation expenses. (Matter of Dodge v Tierney, 40 AD2d 936.) The property owner is entitled to recover only such costs as are allowable under the particular condemnation statute under which his property was taken. (Matter of Ulster Sewer Improvement, Town of Ulster v Horowitz, 54 AD2d 808; City of Buffalo v Clement Co., supra; also, see, the Palisades and Zedler cases, supra.)
Absent specific statutory authority, to rule otherwise would thwart legislative determination and would constitute judicial legislation.
Respondent’s motion to recover expert fees is denied.
Respondent’s motion for the 5% litigation expense is granted.